Scoeield, J.,
delivered the opinion of the court:
In August, 1861, the claimant enlisted in the Union Army as • a private soldier. After several intermediate promotions he was finally commissioned captain and assistant quartermaster. *349 March 27, 1SU5, without hearing or notice, he was dismissed by President Lincoln. June 9,1805, the dismissal was revoked by President Johnson. Thereafter he continued in the service until October 7, 1865, when he was honorably mustered out.
The revocation, it is claimed, reinstated him in office as effectually as if the dismissal had never been made. Being thus reinstated he became entitled, as it is further claimed, to payment, both for the intervening time and the “three months’ pay proper” allowed by the Act March 3,1865 (13 Stat. L, 497).
Upon the facts the claimant makes a strong appeal. As the dismissal appears to have been undeserved, the petition for reversal made without delay, and its prayer granted before the rights of other parties had intervened, it seems to present only a question of Executive authority. Having the power to dismiss an officer or accept his resignation, it was supposed the President had power also to reconsider his action. Many if not all Presidents have claimed and exercised this power. Some have refused to consider stale cases; others have acted on cases of long standing. Some, following the uniform rule laid down by all Attorneys-General, have refused to review the decisions of their predecessors; others, regarding the rule' as one of convenience and propriety only, have taken up cases that had slept through several administrations. Many revocations have had no other effect than to right a wronged officer ; others have not only disturbed the intervening rights of other officers, but drawn from the Treasury large amounts of unearned back pay. This power of revocation has frequently been recognized by the accounting officers of the government, and in a qualified form by the early decisions of this court.
By some recent decisions of this court, affirmed upon appeal by the Supreme Court, the power to revoke a dismissal or withdraw an acceptance of a resignation has been very much circumscribed, if not wholly denied. (Mimmack’s Case, 10 C. Ols. R., 584, affirmed 97 U. S. R., 437; McElrath's Case, 12 G. Ols. R., 201, affirmed 102 U. S. R., 426; Blake's Case, 14 O. Ols. R., 462, affirmed 103 U. S. R., 227.) The purport of all these decisions is that the President, having once dismissed a military officer or accepted his resignation and given notice thereof, so that nothing remained to be done to make the severance complete, cannot again restore him to office except by a new ap *350 pointment in pursuance of a nomination to and confirmation by the Senate.
These decisions and the line of argument upon which they are based might authorize us to hold that the claimant, having been completely severed from the Army by the dismissal and notice, could only be restored by a new appointment; and that the revocation so far as designed to place hitn in statu quo was void. Whether it might operate as a new appointment is not a question in the case, because for all subsequent service he has already been paid.
But it is suggested that the cases above referred to could possibly have been decided upon facts and points not appearing in this. In the McElrath and Blake cases many years had intervened, and the places made vacant long before filled. In the Mimmack case, the vacancy had been filled by Executive promotion, the Senate not being in session.
This case is not thus complicated. The revocation was in due form, no unreasonable time had elapsed, and the vacancy had not been filled. The only question to be decided is, Had the President power to revoke the dismissal? Whatever our opinion may be, it is considered desirable, in fairness to the claimant, as well as for the information of the executive departments, the Army, and the public, that a question so distinctly involving the power of the President, now, as often heretofore, claimed and exercised by that high officer, should be settled by the Supreme Court.
This can be accomplished only by deciding the case against the defendants.
The judgment of the court therefore is that the claimant recover from the defendants the sum of $538.
Nott, J., not being present at the hearing, took no part in the decision.