*713 OPINION.
Richardson, J.,
delivered the opinion of the court:
This suit is brought upon an alleged allowance of the Commissioner of Internal Revenue under the provisions of Revised Statutes, § 3220, for the remission, refund, and payment back of “all taxes erroneously or illegally assessed or collected, all penalties collected without authority, and all taxes that appear to be unjustly assessed or excessive in amount, or in any manner wrongfully collected.”
It appears by the findings that the Commissioner certified to an allowance to be paid to the claimant, and transmitted the same to the Fifth Auditor, who, having examined and certified it, transmitted it to the First Comptroller, in the regular course of business of accounting in the Treasury.
Thereafter, the papers having been returned by the First Comptroller unpaid, the Commissioner decided to reconsider the matter, and he entered of record in his office that it was reconsidered.
Subsequently, after having taken the matter into consideration anew, the Commissioner formally rejected the claim.
The claimant brought this action after the Commissioner had -entered of record his order that the allowance was reconsidered and before his final rejection of the claim.
The defendants raise several objections in law to the claimant’s right of recovery, but we have found it necessary to consider only one of them, as that is sufficient for the decision of the case.
If the Commissioner had authority to revoke his certification of allowance after its transmission to the accounting officer, as he did, then there is no foundation for this action, since this court has no primary jurisdiction over claims for the recovery back of taxes illegally assessed or wrongfully paid, and secondary jurisdiction of such claims only to enforce the allowance by the Commissioner made under Revised Statutes, § 3220. /
The power to revoke orders and decrees by courts and public officers under certain circumstances has frequently been recognized and upheld. The only question is as to when that power expires by the consummation of the first acts beyond *714 recall. It was said by the Supreme Court in Bronson v. Schulton (104 U. S. R., 415):
It. is a general rule of the law that all the judgments, decrees, or other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and they may then he set aside, vacated, modified, or annulled hy that court. But it is a rule equally well established that after the term has ended all final judgments and decrees of the court pass beyond its control, unless steps be taken during that term, by motion or otherwise, to set aside, modify, or correct them.
There are' uo terms for the transaction of business in the Internal Revenue Bureau. There are terms of service of the official head of the Bureau, and frequent changes therein. But the question'whether or not a Commissioner is without authority to revoke the decisions and orders of any of his predecessors does not arise in this case, since the allowance sued upon and its revocation were both made by the same Commissioner during his official term of service.
Several cases have heretofore arisen as to the power of the President to revoke a dismissal of a military officer. In Corson v. United States (17 C. Cls. R., 349), where that subject was under consideration, it was said, referring to the decided cases:
The purport of all these decisions is that the President, having once dismissed a military officer or accepted his resignation and given notice thereof, so that nothing remains to he done to make the severance complete, cannot again restore him to office except by a new appointment in pursuance of a nomination to and confirmation by the Senate.
The statute under which the Commissioner first certified to ah allowance in this case provides that “the Commissioner * * * may refund and pay back all taxes erroneously or illegally assessed or collected,” &c.
Until, therefore, the taxes were paid back the action of the Commissioner authorized by the statute was not consummated. The sending of his order to the accounting officers iu the course of departmental business did not place it beyond his power of recall. They are officers of the same Department as the Commissioner, and under the same official head. Their duties are to examine accounts and place them in a condition for payment. The processes of the Treasury Department are all ex parte, and not finally consummated beyond recall until a check has been issued upon a warrant duly signed by the Secretary *715 of the Treasury, as we have pointed, out in former eases. (McKnight’s Case, 13 C. Cls. R., 292; Buffalo Bayou R. R. Case, 16 ibid., 245.)
The action of the Fifth Auditor in passing the allowance in this case is immaterial, since it is no part of the duty of Auditors (except the Sixth Auditor) to make decisions binding in any way upon anybody; and their opinions and decisions upon controverted questions, if they choose to give them, have no official determining force. They are only to examine accounts;, certify balances, and transmit them to the proper Comptroller for his decision thereon. (Eev. Stat., § 276-300.)
It'is true that an allowance authorized by the Commissioner of Internal Revenue cannot be reversed, annulled, or reviewed by any other executive officer, and a suit may be maintained upon it in this court if the accounting officers refuse or delay to pass it for payment, as we have repeatedly held, following the decision in Kaufman’s Case (11 C. Cls. R., 659), which the Supreme Court affirmed on appeal.' But we have no doubt that it is as much under the Commissioner’s control wh le passing through the hands of the accounting officers as if it were in his. own office and in his own hands, and that he may revoke it at any time before consummation by payment, or at least before action brought thereon. It is payment that the statute authorizes him to make, and until payment is made his authority over the matter is not exhausted, unless, perhaps, the claimant should acquire a vested right by bringing suit before revocation, as to which we express no opinion.
In that leading case of Kaufman, where we gave judgment for the claimant, we founded our decision upon the fact there stated, that “the claimant stands credited in the records of the Internal Revenue Bureau with an allowance which has never been revolted”
In the present case the claimant has no such credit on the records of the Internal Revenue Bureau, since the allowance first certified to had been reconsidered when this action was commenced, and his claim has been rejected.
He has therefore no cause of action, and his petition must be dismissed, and judgment will be so entered.