## PEERLESS WOOLEN MILLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12038. Promulgated October 17, 1928.

*J. R. Sherrod, Esq.*, and *F. O. Graves, Esq.*, for the petitioner.
*A. C. Baird, Esq.*, and *A. H. Willey, Esq.*, for the respondent.

OPINION.

LITTLETON: In view of the question raised as to jurisdiction and as to the running of the statute of limitations, it is necessary to determine, first, the character of the amount in controversy, namely, $58,315.28 which was assessed as a part of the original tax of $116,630.58, but not paid and $18,658.98 which is shown by the Commissioner as a deficiency or an amount due in excess of that assessed on the original return.

The contention of the petitioner is that the deficiency determined by the Commissioner is $76,974.26 ($58,315.28 plus $18,658.98), for the reason that when the original return was filed there was filed therewith what amounted to a claim for special assessment and to a notice that of the tax shown on the return only the amount paid in the first two installments, $58,315.30, was admitted as due. We can not agree that these contentions are well founded. The purported claim for special assessment, filed with the return, appears to be little more than a notice to the Commissioner that, on the basis of information which was being compiled, the petitioner expected to file a claim for special assessment from which it hoped to show less tax due than then appeared on the original return. Apparently this was little more than a hope that a reduction in tax would follow from this claim when filed. See *Fort Pitt Spring & Manufacturing Co.*, 5 B. T. A. 1106. But even if we should concede that this was a claim for special assessment, we fail to find anything therein which would indicate the extent of the liability admitted at that time, and certainly there is nothing to show it was the amount represented by one-half of the tax which was paid by the first two installments. The first installment was paid when the return was filed, but the petitioner does not contend that only this amount was admitted. Later, a second installment was paid and a claim in abatement filed for the remainder, which is now in controversy. It may well be that when the abatement claim was filed the petitioner then considered that the amount paid represented its tax liability for that year, but an admission at such time is no help in arriving at what is the deficiency. The starting point in determining what constitutes a deficiency is " the amount shown as the tax by the taxpayer upon his return." From the evidence we can not say that the amount shown by the petitioner as its tax was less than that determined by the Commissioner of $116,630.58, or, at least, if less than this amount we

are unable to say how much less. Accordingly, we must find that the deficiency in controversy is $18,658.98, and that the $58,315.28 must be considered as a part of the original tax which has been assessed, but not yet paid.

The next question to be decided is the extent of the Board's jurisdiction to pass upon the issues here presented. We held under the preceding issue that a deficiency of $18,650.98 was determined by the Commissioner. This, of course, gives jurisdiction on account thereof, but the point is raised as to whether the fact that the Board is given jurisdiction as a result of the deficiency of $18,658.98 gives to the Board jurisdiction to pass on the plea of the statute of limitations which has been made with respect to a part of the tax which was shown and assessed on the original return, but which has not yet been paid.

The question is to be answered by a consideration of the Revenue Acts from which the Board derives its jurisdiction. Under the Revenue Act of 1924, the Board was limited in its jurisdiction to a determination of the correctness of deficiencies, but this did not mean that the Board was to act in a reviewing capacity where it could consider only questions raised before the Commissioner. Cf. *E. J. Barry*, 1 B. T. A. 156. Both the petitioner and the Commissioner were privileged to raise issue affecting the tax liability for the year in question and on the basis of all evidence presented, the Board might determine the extent to which the petitioner was liable for a deficiency—whether it be the same or more or less than that found by the Commissioner. In connection with this question, we said in *Gutterman Strauss Co.*, 1 B. T. A. 243:

This Board was not created for the purpose of *reviewing rulings made by the Commissioner* but was created for the purpose of *determining the correctness of deficiencies in tax* found by the Commissioner. If the deficiency in tax found by him is greater than the true deficiency the Board has authority to decrease it; if it is less than the true deficiency, the Board has authority to increase it (*Appeal of the Hotel DeFrance Co.*, 1 B. T. A. 28). If a taxpayer can prove to this Board that he is entitled to a deduction from gross income, the deduction will be allowed even though it has never been claimed by the taxpayer at any hearing had before the Commissioner; otherwise it would be impossible for this Board to determine the correct amount of the deficiency.

With the passage of the Revenue Act of 1926, the Board's jurisdiction was enlarged by providing in section 284 (e), as follows:

If the Board finds that there is no deficiency and further finds that the taxpayer has made an overpayment of tax in respect of the taxable year in respect of which the Commissioner determined the deficiency, the Board shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Board has become final, be credited or refunded to the taxpayer as provided in subdivision (a). Such refund or credit shall be made either (1) if claim therefore was filed within the period of limitation

provided for in subdivision (b) or (g), or (2) if the petition was filed with the Board within four years after the tax was paid or, in the case of a tax imposed by this Act, within three years after the tax was paid.

This, however, did not mean that a proceeding could be entertained by the Board where no deficiency was involved, but rather that once a proceeding was before the Board on account of a deficiency and questions were raised which resulted in a refund rather than a deficiency, the Board shall have jurisdiction to determine the amount of the overpayment. Had the Commissioner found upon final determination in respect of this petitioner's tax liability for the taxable year that the correct tax was the amount shown upon the return or a lesser amount, this Board would not have jurisdiction. *William C. Shanley, Jr.*, 7 B. T. A. 521. But here we have a statutory deficiency.

Section. 284(d) provides that no credit or refund shall be allowed or made and no suit instituted for refund for any year in which the taxpayer has filed a petition with the Board after the enactment of that Act. This can only mean that if the Board, having jurisdiction of the deficiency, refuses to consider the uncollected assessment and it is thereafter collected, the taxpayer is without remedy to recover the tax. This is stated as a general rule, although there might be exceptions such as would arise under *New York & Albany Lighterage Co.*, v. *Bowers*, 273 U. S. 346, and section 1106 of the Act, where collection was made after the statutory period for collection had run. It is clear, however, that the same issue may be present where the defense to the uncollected assessment does not depend upon the running of the period for collection. It is unreasonable to suppose that Congress, after making such detailed provisions as are contained in the 1926 Act for a court or Board review of the tax liability, intended to deny it in such instances as that here involved. To determine whether a tax which has been assessed but not paid should be collected is no more difficult than to determine whether payment of the same amount has resulted in an overpayment.

An examination of the reports of the Congressional committees, submitted in connection with the Act when it was before Congress, clearly shows the intention that the Board, once having jurisdiction, should determine the true tax liability and that such determination should be final, subject only to appeal as therein provided.

From the foregoing, it is apparent that while the determination of a deficiency by the Commissioner is a condition precedent to the taking of jurisdiction by the Board, the elements which brought about the deficiency when determined are not the basis for the consideration of the case by the Board. In fact, the petitioner may assign entirely different errors from those which have been in con-

troversy and say that as a result thereof the Commissioner has not determined the tax liability correctly. For example, the deficiency may be determined as the result of the disallowance of a bad debt deduction and the petitioner may assign as error that the deduction claimed and allowed in its original return for depreciation was inadequate, or it may assign this error and also an error on account of the disallowance of the bad debt deduction. When the case comes before us, it is considered on the basis of the evidence presented and the issues raised to the end that the petitioner's true tax liability may be determined, and that without regard to whether it may mean an increase or decrease of the tax liability as shown by the petitioner on its return, or as determined by the Commissioner. In fact, under ordinary circumstances where many issues are involved and some are decided for and others against the petitioner, the decision is promulgated without knowledge on the part of the Board as to the exact effect which the decision will have on the ultimate tax liability. The petitioner's correct tax liability, as found by the Board, is determined by applying the principles laid down by the Board on the several issues raised by the petitioner or by the petitioner and the Commissioner. And well it is that this is true, since it tends to prevent the decision being influenced by whether additional tax is to be paid or whether a refund is to be given. Either of these results may follow from the decision, but what we decide in the first instance are issues raised in the pleadings and from this the petitioner's tax liability is determined, under the provisions of Rule 50 of the Board's rules of practice and procedure.

In view of the foregoing, are we precluded in the instant case from a consideration of the issue raised as to the running of the statute of limitations on account of a part of the tax assessed on the original return, but not yet paid, merely because the result which may flow from our consideration may be neither in terms of a deficiency or a refund? We think not. We do not conceive that there is any basic difference between an issue of this kind and any other issue raised. Certainly it can not be said that the running of the statute of limitations is not an issue which may be raised in a proceeding where a deficiency is involved. *National Refining Co. of Ohio*, 1 B. T. A. 236. Nor does it change the matter that the issue relates to the tax liability other than the deficiency itself. *Greylock Mills*, 9 B. T. A. 1281. In that case the Commissioner determined a deficiency for 1917, and the petitioner assigned as errors in the appeal not only that the deficiency was barred, but also that an additional tax which had been paid prior to this time was barred from collection at the time it was collected. The Board held, in the first place, that the deficiency was barred and accordingly found no defi-

ciency. In addition, the Board took jurisdiction of the other issue, even though such action was unnecessary in order to dispose of the deficiency itself, and found that this collection was barred at the time made. The principle as to jurisdiction is not essentially different in that case from the case at bar. In both cases we have jurisdiction in the first instance because of a deficiency determined by the Commissioner and then another issue is raised in each case which it is unnecessary to pass on if we were concerned alone with a decision relative to the deficiency, but which we do consider necessary to pass on in order to arrive at the petitioner's correct tax liability. In both of these cases it is readily apparent that a determination with respect to the deficiency may be made without considering other issues, but this is not always true. We do not understand that a different rule should be applied in the two classes of cases or that a different rule should be applied where the statute of limitations is involved rather than some other issue. Cf. *Orlando Petroleum Co.*, 11 B. T. A. 101. The Commissioner's determination of the deficiency in question conferred jurisdiction on the Board; the issue with respect to the statute of limitation on account of the unpaid portion of the original tax was timely raised in the petition, and its determination is a necessary incident to an ultimate finding by the Board as to the petitioner's true tax liability. The Board is accordingly of the opinion that it has jurisdiction of the issue here presented as to the running of the statute of limitation with respect to the unpaid portion of the tax assessed on the original return.

While error was assigned in the petition with respect to special assessment, this was abandoned at the hearing, and left for consideration only the plea of the statute of limitation with respect to the deficiency of $18,658.98 and the amount of $58,315.28 which was assessed on the original return, but which has not yet been paid. In other words, the petitioner comes before the Board admitting the tax liability as determined by the Commissioner in the amount of $135,289.56, save as the assessment or collection of any part thereof may be barred by the statute of limitations.

With respect to the deficiency of $18,658.98, the statutory period applicable thereto was five years from the date the return was filed, and this expired on September 15, 1924. The petitioner contends that the consent filed by it on November 10, 1924, was given after the expiration of the five-year period and that such consent extended the period for only one year from the date of the expiration of the statute of limitations or to September 15, 1925. It is further contended that the consent filed on February 12, 1925, did not state the fiscal year ended June 30, 1919, but only the year "1919," and that the consent executed on September 23, 1925, was given after

the expiration of the consent given November 10, 1924. The contention advanced with respect to a mention of the year "1919" instead of the "fiscal year ended June 30, 1919," must be decided against the petitioner on authority of *Consumers Ice Co.*, 11 B. T. A. 144. The other features of this are controlled by the decision of the Board in *Joy Floral Co.*, 7 B. T. A. 800. Accordingly we are of the opinion that the deficiency of $18,658.98 is not barred.

The next issue is whether the collection of the amount of $58,315.28 which we have held was not a part of the deficiency, is now barred. The waiver filed by the petitioner on November 10, 1924, and which we have found under the preceding issue was a valid waiver, provided for collection as well as determination and assessment. Prior to its expiration, a second waiver was filed, which provided only for assessment and extended the time to December 31, 1925, and prior to its expiration a third waiver was also filed, which likewise provided only for assessment and extended the time to December 31, 1926. On December 11, 1926, a collection waiver was executed, which provided that the amount of $58,315.28 might be collected at any time prior to December 31, 1927. Prior to December 31, 1927, appropriate proceedings were started looking to the collection of this tax. The petitioner, however, asked for an injunction to prevent this collection, which was denied by the District Court, but an appeal was taken which is now pending in the Circuit Court of Appeals.

First, does the fact that the deficiency is not barred and accordingly that the deficiency may not only be assessed, but also collected, apply equally to an amount which was assessed in 1919, but which has not been collected? We think not. The Revenue Acts of 1924 and 1926, section 278, provide that where assessment is made within the original statutory period or under this period as extended, collection may be made "within six years after the assessment of the tax." The assessment here in question was made when the original return for 1919 was filed and has been outstanding since that time. The Commissioner contends that in the event it is found that the deficiency is not barred, it must likewise follow that this collection is not barred for "the reason that there is nothing in the Revenue Act prohibiting the Commissioner from making a reassessment of tax at such time as it may be necessary to do so in order to protect the Government's interest." This argument overlooks the fact that no reassessment has been made. We can not decide questions on the basis of possibilities, but on the basis of the events which have transpired. The plain truth of the matter is that the assessment was made in 1919 and has not since been collected or reassessed. We find nothing in the Acts from which we could find that where assessment had already been

made prior to the passage of the 1924 Act and the period for making assessment did not expire until after the passage of the 1924 Act, the six-year statutory period for collection should be made to run from some date other than when the assessment was actually made.

There then remains for consideration the question of the effect of the collection waiver filed December 11, 1926. At this time the original statutory period for collection and that as extended by the waiver of November 10, 1924, had expired. This was likewise filed after the passage of the Revenue Act of 1926, which had among its provisions section 1106 (a), providing that the bar of the statute of limitations shall not only operate to bar the remedy, but shall extinguish the liability. The principle laid down in *Joy Floral Co.*, *supra*, would, therefore, not be applicable, for the reason that at the time the waiver in question was filed, the remedy was not only barred, but also the liability was extinguished, whereas in the *Joy Floral Co.* case the remedy alone was barred, but the liability remained upon which the waiver could operate. Since this waiver was filed after the extinguishment of the liability, it must be considered as of no force and effect, unless it can be said that the repeal of section 1106 (a) by section 612, Revenue Act of 1928, changes the situation. Section 612 provides:

Section 1106 (a) of the Revenue Act of 1926 is repealed as of February 26, 1926.

The effect of this provision was before the Circuit Court of Appeals in the case of *United States* v. *John Barth Co.*, 27 Fed. (2d) 782, and in a decision rendered September 12, 1928, the court said:

In our opinion, section 1106 (a) of the Revenue Act of 1926 was something more than a limitation statute. It not only operated to bar the remedy but specifically extinguished the cause of action. Such being the character and effect of this statute, it was not within the power of Congress to enact legislation to recreate the liability thus extinguished. *William Danzer & Company, Inc.*, v. *Gulf & Ship Island Railroad Company*, 268 U. S. 633; 17 R. C. L. 674.

The Supreme Court case on which the circuit court relies was fairly analogous to the situation here presented and involved facts somewhat as follows: In 1917 an alleged cause of action arose on account of a shipment of goods. The statute in effect at that time provided that in order to recover for such damages, complaint must be filed within two years from the time the damage was suffered. The complaint was not filed until 1921. After the two years had expired, the Transportation Act was passed which provided that in computing the two-year period, the period of Federal control of the railways was to be excluded. With the period of Federal control excluded, the complaint was timely filed. Prior to the consideration of this case, it had been settled by decisions of the Supreme Court that the lapse of time under the two-year statute in question not only barred the remedy, but also destroyed the liability of the carrier to

the person thus suffering damages. In deciding the issue presented, the court held that the Transportation Act could not be construed retroactively to create a liability which had already been extinguished. This is precisely the view taken by the circuit court in the *Barth* case with respect to a retroactive application of the repeal of section 1106 (a). Accordingly, we must hold that section 612 did not operate to revive the liability of $58,315.28 which was extinguished prior to its passage.

In view of the foregoing, we find that the petitioner's correct tax liability is $135,289.56, of which $76,974.28 is unpaid; and that of the unpaid portion, $58,315.28, which has been assessed, is barred from collection and $18,658.98, which has not been assessed, is not barred from assessment and collection.

Reviewed by the Board.

*Decision will be entered accordingly.*