**YORK SAFE & LOCK CO. v. UNITED STATES.**

No. J–79.

Court of Claims.

April 7, 1930.

152

Thomas G. Haight, of Jersey City, N. J. (J. Marvin Haynes and Robert H. Montgomery, both of Washington, D. C., Roswell Magill, of Chicago, Ill., and William Diebold, of New York City, on the brief), for plaintiff.

Charles R. Pollard, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen. (Ralph E. Smith, of Washington, D. C., on the brief), for the United States.

Argued before BOOTH, Chief Justice, and LITTLETON, WILLIAMS, GREEN, and GRAHAM, Judges.

LITTLETON, Judge.

It is the position of the plaintiff that, inasmuch as it paid the additional tax determined for 1918 after the receipt of the Commissioner's notice of June 26, 1926, and before an assessment thereof had been made, and before the Commissioner had credited any portion of the overpayment for 1919 against the deficiency for 1918, it is entitled to interest upon that portion of the overpayment for 1919 which the Commissioner finally credited against the additional tax for 1918 from the date of the overpayment to October 13, 1926, the date on which the Commissioner approved the schedule of overassessment. In other words, plaintiff contends that it is entitled to interest upon the entire overpayment of $96,531.68 for 1919 instead of upon that portion which was actually refunded. Plaintiff further contends that, if it should be held that the Commissioner correctly credited a portion of the overpayment for 1919 against the deficiency for 1918, it is entitled to interest under the provisions of section 1116 of the Revenue Act of 1926, 26 USCA § 153 note, upon the overpayment so credited from the date the amount was overpaid to

October 2, 1926, the date on which the additional tax for 1918 was assessed. In other words, plaintiff contends on this point that the deficiency for 1918 was "an additional assessment made under the revenue act of 1926."

The defendant claims that the statute, section 284(a) of the Revenue Act of 1926, 44 Stat. 9, 66, 26 USCA § 1065(a), is mandatory in its provision that any overpayment

shall be credited against any tax or installment thereof due from the taxpayer, and that, since the additional tax for 1918 was due, and the Commissioner had determined and notified plaintiff of the amount of the deficiency for 1918 and the amount of overpayment for 1919, also that the 1919 excess would be applied as a credit against the deficiency for 1918, the plaintiff could not thereafter defeat the credit and obtain greater interest than that provided in the statute by paying the deficiency before the credit had been made effective. The defendant also contends that under section 1116 of the Revenue Act of 1926 interest upon overpayments applied as credits for years prior to 1921 is payable only to the due date of the tax against which the credit is taken, and, since the due date of the 1918 tax was prior to the date of the overpayment for 1919, no interest is allowable.

We are of opinion that the position of the defendant is correct. The provision of the statute that an overpayment shall be credited against any tax due is mandatory. Had the plaintiff discovered the deficiency in tax for 1918 and paid it before the Commissioner made his determination and notified plaintiff on June 26, 1926, the entire overpayment for 1919 would have been refundable with interest. What the situation would have been had plaintiff paid the deficiency after receipt of the Commissioner's notice of June 26, 1926, but before the expiration of the 60 days allowed for filing of a petition with the United States Board of Tax Appeals, we do not decide. On August 26, 1926, plaintiff's liability for the deficiency became definitely and finally fixed under section 274 (c) of the Revenue Act of 1926 (26 USCA § 1050); it could not thereafter defeat the credit under section 284 (a) of the 1926 (26 USCA § 1065 (a) act by payment to the collector before the steps necessary to make the credit effective were taken. The fact that the payment was accompanied by a return does not change the situation. An amended return is not recognized or provided for in the statute, and the fact that plaintiff filed a second return after receiving the notice of the Commissioner's determination in which it computed its income and the tax thereon, in accordance with the Commissioner's notice, is of no significance in connection with the right of the Commissioner to make a credit. Plaintiff contends that it had a right to pay the additional tax and stop interest, but whatever right it may have had in this regard did not exist after August 26, 1926, which was the expiration date of the time allowed for contesting the Commissioner's determination of the deficiency. From and after August 26, 1926, the matter was controlled entirely by the provisions of the statute requiring examination of the accounts of the taxpayer with the government and the adjustment thereof by the application of the overpayment to the extent necessary to satisfy any tax due and by the refund of any excess of overpayment with interest as provided by law. The Commissioner, therefore, correctly proceeded to carry out the provisions of the statute and make the credit. He also properly held that the amount paid for 1918 on September 3, 1926, constituted an overpayment that should be refunded.

The second point, with reference to interest upon the amount of overpayment for 1919 applied as a credit against the deficiency for 1918, is controlled by the decision of this court in Riverside & Dan River Cotton Mills, Inc. v. United States, 37 F.(2d) 965, decided February 10, 1930.

Plaintiff is not entitled to recover, and the petition must therefore be dismissed. It is so ordered.

BOOTH, Chief Justice, and WILLIAMS, GREEN, and GRAHAM, Judges, concur.