## WESTERN WHOLESALE DRUG CO. v. UNITED STATES.

District Court, S. D. California.

Nov. 29, 1930.

Claude I. Parker, Ralph W. Smith, and George H. Koster, all of Los Angeles, Cal., for plaintiff.

Samuel W. McNabb, U. S. Atty., of Los Angeles, Cal., C. M. Charest, Gen. Counsel, Internal Revenue Bureau, and Alva C. Baird, Sp. Atty., Internal Revenue Bureau, both of Washington, D. C. (Ignatius F. Parker, Asst. U. S. Atty., of Los Angeles, Cal., of counsel), for the United States.

HAZEL, District Judge.

The agreed facts are that plaintiff on November 14, 1919, filed its income and profits tax return for the fiscal year closing August 31, 1919, and showing a tax liability of $149,184.17, and on November 15, 1920, filed a separate tax return for the year closing August 31, 1920, disclosing a liability of $245,197.66. On audit by the Commissioner of Internal Revenue, he decided that certain sales had been erroneously included in the return of 1919, and that the tax for that year amounted to $242,136.58, and, for the year 1920, amounted to $165,760.40, thus determining an additional or deficiency tax for the year 1919, of $92,952.41, and an overassessment of $79,437.26, for the year 1920. It is evidenced that plaintiff paid in cash the deficiency tax of 1919, amounting to $20,922.-99, and accepted application of a credit for the balance amounting to $72,029.42, comprising the excess found to have been paid for the year 1920. The entire amount paid by plaintiff on account of the 1919 tax including the credit made by the Commissioner on September 30, 1925, was $242,136.58.

I am of opinion that such credit involved a final disposition of the assessment in question, and its application to pro tanto payment of the 1919 tax within the statutory period was undoubtedly permissible. Swift & Co. v. U. S., 7 Am. Fed. Tax Rep. 9085–9087. And see Solicitors Op. 107 Cu. Bul., June, 1921, page 336, and York Safe & Lock Co. v. U. S. (Ct. Cl.) 40 F.(2d) 148, decided April 7, 1930. Upon subsequent ascertainment by plaintiff that it had overpaid income taxes for 1919 in cash and credit, a claim for refund for $33,751.78 was filed on June 18, 1928, within the statutory limitation.

The Commissioner then in office, while agreeing that plaintiff's liability for the year 1919 was as claimed in the claim for refund, nevertheless asserted the right to adjust the overpayment of the income tax of 1920 by reversing a part of the credit previously applied against the 1919 tax to the extent of $28,826.76, and merely refunding the difference between $213,309.82 and the asserted corrected amount of $208,384.80, totaling $4,925.09, as representing the complete overpayment of tax for the year 1919. Such determination manifestly resulted in abating or decreasing the tax of 1919, which had previously been paid by plaintiff in money and credit to a collector now out of office, and leaving a corresponding debt of $28,826.76 due on the income tax of 1919.

The crux of the question is whether the Commissioner had the lawful right to make a reversal of the previous determination, and the conclusion I have reached is that he was without authority to do so.

The prior determination that an additional tax was due for 1919 was prima facie the proper determination, and since the statute provides a remedy by proper court proceeding to require a taxpayer to make a deficiency tax payment, and since the Commissioner was also required by the statute to determine whether there was an excess tax levied for 1920, carrying with it the right to credit the amount of any additional tax within the statutory period upon any amount of tax owing by a taxpayer, I incline to the view that the provision of section 610 of the Revenue Act of 1928 (26 USCA § 2610) is applicable. By such provision the government had the right to bring suit to recover money erroneously repaid to a taxpayer within two years' limitation.

As to this aspect of the case, the government contends that limitation does not apply to the instant case, where the overpaid money on the tax of 1920 was actually paid into the Treasury of the United States. But, since the credit mentioned above was in part applied as a payment on the 1919 tax, and on acceptance constituting complete payment, the contention is not believed maintainable. Indeed, we are not concerned herein with any question as to whether the taxing department had made an erroneous allowance resulting from the 1920 adjustment, since the correctness of such was not in issue here, and any discovered deficiency is now barred by the statute of limitations. See sections 273, 274 and 277 of the Act of 1926 (26 USCA §§ 1047–1048f, 1050, 1052–1054, 1057), which

specified the procedure and remedy for recovery of the deficiency tax—provisions which I think apply to the determination and recovery of the tax or deficiency of 1920, and payment thereof. But, assuming that such procedure had been followed by the Commissioner and his determination had become effective, I greatly doubt whether. in view of the applied credit to pay the 1919 tax in full, a belated offset, correction, or reimbursement, arising from adjustment of the 1920 tax, would be maintainable for rejecting the present claim for refund of the 1919 tax. In Re Atkins Lumber Co., 1 B. T. A. 317, the Board of Tax Appeals applied the principle that income and profit taxes not only are· leviable annually but that "each annual period must necessarily * * * stand by itself." There is no support in reason or authority, as far as I have been apprised, in view of the statutory remedy available to the Commissioner, to correct or amend the 1920 tax in this action, for the purpose of enabling the asserted error to operate as reimbursement on the tax of 1920. See Carney Coal Co., 10 B. T. A. 1397.

The argument and authorities cited by the government have been considered, but they are not believed strictly in point. To specifically differentiate them from the case at bar is deemed unnecessary in view of what has already been said.

My conclusion is that it satisfactorily appears that plaintiff overpaid its income and profit tax for the year 1919; that it filed a proper claim for refund which has been rejected by the Commissioner (except as to a part), and that plaintiff is entitled to a decree for the amount of the overpayment, to wit, $28,826.76, with interest from September 30, 1925. Specific findings of fact and conclusions of law may be submitted. So ordered.