## AMERICAN WOOLEN CO. v. UNITED STATES. *

Nos. 42459. 42904.

Court of Claims.

Oct. 4, 1937.

For former opinion, see 18 F.Supp. 783.

Melville F. Weston, of Boston, Mass. (John W. Townsend, of Washington, D. C., and Powers & Hall, of Boston, Mass., on the brief), for plaintiff.

John W. Hussey, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen. (Robert N. Anderson, Fred K. Dyar, and F. F. Korell, all of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

PER CURIAM.

The opinion of the court held that the decision of the Board of Tax Appeals was conclusive as to the amount of plaintiff's liability for the taxes of 1922 and 1923. Contending that this holding was erroneous, the plaintiff has filed a motion for new trial and reargument.

■■ It is urged that plaintiff is entitled to reargument for the reason that the question decided by the court was not argued on the submission of the case. This is an error. It was explicitly stated on pages 114 and 115 of defendant's brief, and in any event would not be sufficient ground for a new trial although it might be a reason for the court to order reargument in doubtful cases.

The argument of the plaintiff is in effect that the decision of the Board fixing a deficiency in a certain amount did not preclude the taxpayer from afterwards claiming that it was entitled to a refund on the ground that the Commissioner had improperly "reversed" a credit when computing the tax. We think it clear that under the statute as well as the decisions of this court and the Board of Tax Appeals the argument is not well founded.

■■ The purpose of the law was plainly to authorize the Board of Tax Appeals to determine on appeal the amount of the taxpayer's liability for the year in question. This was the issue between the parties in the proceedings before the Board and any matter material to the determination of this issue, such as the credit in controversy in the instant case, not only could but must be presented to the Board. In the case of Peerless Woolen Mills v. Commissioner, 13 B.T.A. 1119, 1126, it is said: "Both the

petitioner and the Commissioner were privileged to raise [any] issue affecting the tax liability for the year in question and on the basis of all evidence presented, the Board might determine the extent to which the petitioner was liable for a deficiency."

In Ohio·Steel Foundry. Co. v. United States, 38 F.(2d) 144, 148, 69 Ct.Cl. 158, we held that it was "incumbent upon the taxpayer to raise all questions relating to his tax liability for the taxable year."

Moreover the 1928 statute (Revenue Act of 1928, § 322(c), 26 U.S.C.A. § 322(c) and note) expressly provides that where a notice of deficiency has been given and an appeal taken to the Board, the taxpayer has no right to file claims for credit or refund except in conformance with the decision of the Board of Tax Appeals.

Having reached the conclusion that the Board of Tax Appeals had authority to determine the extent of plaintiff's tax liability for the years in question, it follows that plaintiff's claim as to the credit upon which it bases its argument that it is entitled to a refund is entirely inconsistent with·the decision of the Board and is now res adjudicata.

The motion for new trial must be overruled.