## AMERICAN WOOLEN CO. v. UNITED STATES.

### Nos. 42459, 42904.

Court of Claims.
Feb. 7, 1938.

For former opinions, see 18 F.Supp. 783, 21 F.Supp. 125.

Melville F. Weston, of Boston Mass., and John W. Townsend, of Washington, D. C. (Powers & Hall, of Boston, Mass., on the brief), for plaintiff.

John W. Hussey, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson, Fred K. Dyar, and F. F. Korell, all of Washington, D. C., on the brief), for defendant.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, JJ.

GREEN, Judge.

A rehearing having been granted, the contentions made in argument by plaintiff seem to us so much broader than were originally made as to require some further statements as to the position of the court.

■ The court cannot agree with counsel for plaintiff in the narrow construction which they give to the statutory definition of a deficiency. A "deficiency" is defined in section 273 of the Revenue Act of 1926, 44 Stat. 55, as "the amount by which the tax imposed by this title exceeds the amount shown as the tax by the taxpayer upon his return," increased and diminished as further specified. But the words "the tax imposed by this title" refer to and include all of the provisions relating to the assessment and collection of the tax including the acts of the Commissioner, if in accordance with law, instead of being limited merely to the consideration of what was shown in the return, as argued in behalf of plaintiff. If the jurisdiction of the Board of Tax Appeals were so limited that it could not pass upon the question of whether the taxpayer was entitled to a credit, it would be a very inept body and one which has often exceeded its authority.

■ The case of the United States ex rel. Girard Trust Co. v. Helvering, 301 U.S. 540, 57 S.Ct. 855, 856, 81 L.Ed. 1272, is cited by plaintiff in support of its contentions. We think, on the contrary, that it supports the holding of the court as expressed in the original and supplemental opinion. The principal controversy in that case was as to whether, when the Board of Tax Appeals had determined an overpayment, the taxpayer was entitled to a mandamus to compel a refund of the overpayment so determined. The Supreme Court said that the Board had no authority to order a refund or a credit, but "its decision is res adjudicata as to the questions involved in the computation and assessment of taxes for which a deficiency is claimed." When the Supreme Court said that the Board had no authority to order a refund or a credit, it manifestly had reference to proceedings for the enforcement of the decision of the Board and not to what was or could be considered by the Board in making its determination either as to an overpayment or a deficiency. This is shown by the subsequent statement of the court that "when the determination of overpayment by the Board becomes final, the statute provides that such amounts shall be refunded or credited" by the Commissioner. Further, the words "computation and assessment of taxes" are not used in the narrow sense attributed to them by plaintiff. The computation of taxes must be made in accordance with all the provisions of the taxing act and is not confined to making a calculation in accordance with the return, as plaintiff claims. It will be observed that the Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 726, 727, 49 S.Ct. 499, 503, 73 L.Ed. 918, cited by the Supreme Court in support of this language, holds:

"By section 1005 [26 U.S.C.A. § 640], the decision of the Board is to become final in respect to all the numerous instances which in the course of the review may naturally *end further litigation.* [Italics ours.]"

In the Girard Case, supra, the court also cited in support of its decision the case of Ohio Steel Foundry Co. v. United States, 38 F.2d 144, 147, 69 Ct.Cl. 158, in which we said:

"The clear and manifest purpose of the act [is] to vest in the Board of Tax Appeals and the appellate courts upon petition for review exclusive power ultimately and finally to decide all questions, both as to deficiencies and overpayments, that could arise between the taxpayer and the government in connection with the tax liability for the year or years involved;" and in support of this holding we cited the report of the committee bringing in the bill which became the Revenue Act under consideration. The report stated:

"But if he [the taxpayer] does elect to file a petition with the board his entire tax liability for the year in question is finally and completely settled by

the decision of the board when it has become final."

Plaintiff seems to concede and the Girard Co. Case holds that the Board may decide whether there has been an overpayment, but how could the Board decide whether there was an overpayment without considering all of the plaintiff's tax account, including what the evidence shows with reference to credits, if any?

We have considered the Board of Tax Appeals cases cited by plaintiff as being to the contrary of its decision in the case of Peerless Woolen Mills v. Commissioner, 13 B.T.A. 1119, and find that they have no application.

Plaintiff's counsel state that they admit that the decision of the Board determining a deficiency is correct. But this is an incomplete statement of their position because it is based upon their claim that the deficiency determined by the Board does not mean the entire tax liability of the taxpayer for the year involved, but only his liability as shown by his return—a claim that we have shown is not well founded. Plaintiff's counsel also submit a computation to show that its taxes are overpaid but in so doing include the credit which the Commissioner reversed and struck out. By this kind of a calculation they contend they have shown that plaintiff overpaid its taxes. We think it is merely an assumption that the matter in controversy has been decided in favor of plaintiff.

The reargument has not changed our conclusion that the Board of Tax Appeals had authority to and did determine the extent of plaintiff's tax liability for the years in question and the decision made in the former opinion must be reaffirmed.

Further argument, however, has convinced us that the Commissioner had the right to reverse the credit. The collection of the tax was not barred at the time he made this change in his entries. We think the right of the Commissioner to change his records is sustained by the decision of the Supreme Court in the case of Daube v. United States, 289 U.S. 367, 372, 53 S.Ct. 597, 599, 77 L.Ed. 1261, wherein it was held that after the Commissioner had signed a schedule of refunds and credits and had sent a check to one of his subordinates to be delivered to the claimant, he could revoke all of these actions and collect the deficiency which then resulted.

Our conclusion is, therefore, that the defense to these actions must be sustained on both grounds and that the judgment heretofore entered including the overruling of the motion for new trial must stand.