NEWPORT INDUSTRIES, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92331.   Promulgated November 28, 1939.

*Ellsworth C. Alvord, Esq., Floyd F. Toomey, Esq.,* and *Alger B. Chapman, Esq.,* for the petitioner.

*J. R. Johnston, Esq.,* for the respondent.

OPINION.

LEECH: Respondent proposed a deficiency of $51,049.23, plus interest as provided by law, as representing petitioner's liability as transferee of the Newport Co. for unpaid taxes due from that company for the calendar year 1919.

Petitioner admits liability for any such tax deficiency of the Newport Co., but alleges none exists, since the tax liability of that company for the year 1919 was paid and satisfied prior to the mailing of the notice of deficiency in this proceeding.

The facts are found as stipulated.

The Newport Co., until its dissolution in 1931, was a Delaware corporation with its principal place of business at Carrollville, Wisconsin. On December 29, 1927, respondent determined a deficiency against that company for income taxes in the sum of $63,187.58 for the six-month period ended December 31, 1919. On appeal from that deficiency to this Board, final judgment was entered November 30, 1936, for a deficiency of $60,000, and, on December 31, 1936, this deficiency, together with interest in the amount of $39,039.45, was assessed.

On October 24, 1928, the Newport Co. filed a claim for refund of $53,785.32, representing the total tax paid by it for itself and affiliated company for the year 1926, evidenced by a consolidated return filed for that year. On January 15, 1937, the Commissioner signed "Schedule of Overassessments No. 59410", on which was listed an overassessment and overpayment of income taxes of the Newport Co. for 1926 in the amount of $53,785.32. This schedule was forwarded to the collector of internal revenue at Milwaukee, Wisconsin, with directions to credit this amount against any outstanding assessments against the Newport Co. On January 21, 1937, the collector credited this overassessment against the outstanding assessment of December 31, 1936, made against the Newport Co. for $60,000 tax and $39,039.45 interest for the period June 30 to December 31, 1919. In compliance with instructions from the office of the Commissioner, the collector recomputed the interest after allowance of the credit of $53,785.32, and filed an office claim for abatement of $30,479, interest assessed, on account of interest allowable upon the determined overassessment of $53,785.32. This claim was allowed on schedule IT 60559, authorized and signed by the Commissioner on or about February 2, 1937, after which the balance of tax and interest then outstanding on the collector's records against the Newport Co. for 1919 was the sum of $14,775.13.

On February 9, 1937, the petitioner, by its check, paid the sum of this outstanding balance, which payment was accepted by the col-

lector and credited on its account with the Newport Co. By letter dated February 10, 1937, the Commissioner mailed the original certificate of overassessment, No. 2071569, to the Newport Co. in care of petitioner.

The petitioner is a Delaware corporation, organized to take over the business of the Newport Co. By indenture of September 29, 1931, in exchange for all of petitioner's capital stock, which was to be distributed to the stockholders of the Newport Co., petitioner acquired from the Newport Co. its entire property, business and assets, with the exception of certain cash and securities, certain of its records, and all claims against the United States for refund of income or profits taxes theretofore paid by it. On October 26, 1931, the Newport Co. was dissolved.

On September 29, 1937, more than seven months after the credit of the overassessment, determined for 1926, to the deficiency of $60,000 due for 1919 and the payment by this petitioner of the balance of the indebtedness then shown for the latter year, L. M. Simpson, head of Audit Division D of the Income Tax Unit, advised T. F. Langley, head of the Clearing Division of that unit, by memorandum, that, on reconsideration of the claim for refund filed by the Newport Co. for 1926, it appeared that the allowance of $53,785.32 was erroneous and request was made to reverse the credit. As a result, instructions were given the collector under which the record of credit of the overassessment, determined for 1926, against the deficiency of $60,000 determined for 1919, was reversed, and the interest credited on account of the overassessment was disallowed. The record after these changes showed a tax liability of the Newport Co. for 1919 unsatisfied in the sum of $51,049.23. The records in the Commissioner's office with respect to the account of this company were corrected to correspond with the adjustment thus made. It is the tax liability thus then outstanding on the records that is proposed for assessment against the petitioner here.

It is petitioner's contention that the allowance of the claim for refund of taxes paid by the Newport Co. for 1926 by the issuance of a certificate of overassessment in the amount of the claim as made, the application of this allowance as a credit against the outstanding tax indebtedness of the Newport Co. for 1919, and the payment by petitioner of the balance of that indebtedness then remaining constitute a final and complete settlement of the tax liability for 1919, since the Commissioner approved the account as it was thus stated, adjusted, and satisfied.

Petitioner argues that because the credit of the determined overassessment for 1926 taxes to the outstanding tax liability for 1919

was mandatory on the Commissioner, under section 284 (a) of the Revenue Act of 1926,[1] that credit constitutes a refund or repayment of the taxes paid for 1926, and the application of the same in satisfaction of the outstanding liability for 1919. It is insisted that the situation is the same as if the refund had been made in cash, and that this payment and satisfaction are not disturbed and the expunged debt revived by the respondent's determination that the medium used in making that payment was erroneously obtained. It is suggested that the possible recourse available to respondent is limited to an action to recover the credit thus mistakenly granted through a determination of a deficiency for 1926 or suit to recover the erroneous refund for that year.

We agree with petitioner. The rule appears clearly established that the crediting of an overpayment for one year against taxes then due for another period, constitutes payment of the latter taxes as effectively as if such payment had been made in cash. If it be determined later that the allowance of overpayment so credited was erroneous, the liability against which the credit was made and satisfied, remains satisfied. The only open question of tax liability pertains to the year with respect to which the erroneous allowance or overpayment was made. *United States* v. *Swift & Co.*, 282 U. S. 468; *United States* v. *Botany Worsted Mills*, 98 Fed. (2d) 880; *Western Wholesale Drug Co.* v. *United States*, 47 Fed. (2d) 770.

Here, a claim by the Newport Co. for refund of 1926 taxes was allowed in full by the respondent when there was outstanding a tax liability of that company for 1919, finally determined under a decision of this Board. It thus became mandatory, under section 284 (a) of the Revenue Act of 1926, to credit the overpayment for 1926 against the deficiency determined for 1919. Such credit was duly made. This petitioner, the successor corporation of the Newport Co., was advised of that action and paid the remaining balance of the deficiency for 1919 in excess of the credit thus applied. We think that this action constituted a complete satisfaction of the tax liability of the Newport Co. for 1919 just as if such liability had been satisfied by payment in cash. *United States* v. *Swift & Co.*,

---

[1] Sec. 284. (a) Where there has been an overpayment of any income, war-profits, or excess-profits tax imposed by this Act, the Act entitled "An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes," approved August 5, 1909, the Act entitled "An Act to reduce tariff duties and to provide revenue for the Government, and for other purposes," approved October 3, 1913, the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, the Revenue Act of 1921, or the Revenue Act of 1924, or any such Act as amended, the amount of such overpayment shall, except as provided in subdivision (d), be credited against any income, war-profits, or excess-profits tax or installment thereof then due from the taxpayer, and any balance of such excess shall be refunded immediately to the taxpayer. [Note: Subdivision (d) not material here.]

*supra; United States* v. *Botany Worsted Mills, supra; Western Wholesale Drug Co.* v. *United States, supra.* Respondent's later determination that the allowance of the claim for refund of 1926 taxes was error did not serve as a basis for a reversal of the credit in settlement of the 1919 tax and a reinstatement of the liability for that year. That later determination only based a right of respondent to proceed for recovery of this erroneous overpayment for 1926, made by his credit of the amount of that overpayment against the 1919 tax liability. Under the conditions here it appears that suit might lie in behalf of the United States for the recovery of moneys erroneously refunded, even though such refund had been made by credit against the tax liability for another year. *Western Wholesale Drug Co.* v. *United States, supra.*

We do not agree with respondent's contention that, upon his determination that the allowance of the claim of overpayment for 1926 was erroneous, it lay within his power to correct this error by reversing the credit of the amount of this overpayment against the deficiency for 1919 and reinstating the assessment for that year. Respondent relies upon *Daube* v. *United States,* 289 U. S. 367, but that authority is not in point. There a claim for refund was allowed and a check was drawn in payment. However, before delivery of the check error was determined in the allowance and the check was canceled. In that case the Court held that the matter had not gone beyond the intradepartmental stage and that the error might therefore be corrected. Here, we think, the record establishes conclusively that the matter had gone far beyond the intradepartmental stage. The taxpayer had been notified of the allowance, credit of such allowance had been regularly made against the outstanding tax liability for 1919, the account reflecting its credit had been stated, and the remaining unsatisfied balance of the tax for 1919 shown on such statement had been paid in cash by this petitioner and credit duly made of that payment. In other words, everything had been done both on the part of the respondent and the taxpayer to finally complete, satisfy, and close the tax liability for 1919.

Nor do we agree with respondent that his allowance of the claim can not be considered complete since the Newport Co. had been dissolved, was no longer in existence, and, consequently, could not effect a final settlement of this claim. Respondent thus insists that agreement of the taxpayer to the allowance is essential and that the taxpayer in whose favor this allowance was made no longer existed. In this connection it need only be pointed out that the allowance of overpayment for 1926 was of the entire tax paid. The matter did not entail any compromise. Furthermore, the pay-

ment of the amount thus allowed by its credit against the outstanding tax liability for 1919 was mandatory under section 284 (a) of the Revenue Act of 1926, *supra*. The liability against which it was thus credited was not subject to contest but was a determination of deficiency by decision of this Board which had become final. It is true that the tax liabilities for 1919 and 1926 were both those of the Newport Co., the predecessor of this petitioner, and that, in the transfer of the assets of that company to petitioner, title was specifically reserved in the Newport Co. to claims against the Government for overpaid taxes. It may well be, therefore, as respondent insists, that the claim for refund of 1926 taxes was a claim belonging to the liquidators of the Newport Co. and that they were entitled to any amount which might be refunded thereunder. But this does not change the fact that the liability for 1919 taxes was primarily that of the Newport Co. and any allowance on the claim for overpayment of 1926 taxes was required, by section 284 (a), *supra*, to be credited against that liability. We are concerned here solely with the question as to whether it was so credited, and, if so, whether the liability for that year was finally extinguished by the credit. What the effect of this might be as between the petitioner and the liquidators of the Newport Co. is beside that point. If this petitioner, through its assumption of the liabilities of the Newport Co., is, as between it and that company, liable for the payment of the 1919 deficiency and not entitled as between them to take credit for any allowance made upon the claim for refund of taxes for 1926, that question is one wholly between these two companies. It may be that this petitioner is indebted to the liquidators of the Newport Co. in the amount credited against the tax liability for 1919, but our question does not go beyond the fact of the actual credit and whether it constituted payment of the tax.

In our opinion, the credit of the amount of the allowance on the claim for refund of 1926 taxes to the outstanding deficiency of $60,000 for 1919, the adjustment of interest upon the deficiency and overpayment, and the payment in cash, by petitioner, of the balance of the remaining liability for 1919 taxes, constitute a complete payment and satisfaction of the 1919 taxes. Consequently, there is no deficiency and therefore no liability on the part of this petitioner as transferee for taxes of the Newport Co. for that year.

*Decision will be entered for the petitioner.*