## COMMISSIONER OF INTERNAL REVENUE v. NEWPORT INDUSTRIES, Inc.

### No. 7320.

Circuit Court of Appeals, Seventh Circuit.

June 30, 1941.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Bureau of Internal Revenue, and Robert N. Anderson, both of Washington, D. C. (Harry Marselli, Sp. Asst. to Atty. Gen., on the brief), for petitioner.

Ellsworth C. Alvord and Floyd F. Toomey, both of Washington, D. C., for respondent.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

In this case the Commissioner of Internal Revenue allowed an overpayment claim for one year, credited the overpayment against a deficiency for a prior year, and reported the resulting balance to the taxpayer. After the balance owing the Government for the prior year had been paid, the Commissioner disallowed the overpayment claim, reversed the credit and reinstated the deficiency. The question presented is whether the Commissioner had the power to reopen the case, reconsider his previous action and make a further determination.

In 1931 the respondent acquired the assets and assumed the liabilities of the taxpayer, the Newport Company, which was then dissolved. The respondent admits that it is liable as transferee for any deficiency, if any remains due and unpaid.

The Newport Company filed its income tax return for the six months' period ending December 31, 1919, and thereafter the Commissioner determined a deficiency against it which was contested in the Board of Tax Appeals. A final order and decision was entered on November 30, 1936, which fixed the taxpayer's deficiency for the year 1919 at $60,000, and on December 31, 1936, that deficiency, with interest thereon was assessed.

In 1928 the Newport Company filed a claim for refund of income tax alleged to have been overpaid for the year 1926. In due time this claim of overpayment was considered, and in 1937 it was allowed in the amount of $53,785.32. The Commissioner then directed the Collector of Internal Revenue to credit the overpayment against unpaid taxes for other years, an

offsetting practice which appears to be mandatory under the statute. § 284(a) of the Revenue Act of 1926, 44 Stat. 9, 66, 26 U.S.C.A. Int.Rev.Acts, page 220. On January 21, 1937, the Collector offset this overassessment against the outstanding assessment of December 31, 1936, interest was computed and adjusted, and a resulting balance was struck. On February 9, 1937, the respondent paid the balance owing the Government, whereupon the Commissioner closed the 1919 tax account of the Newport Company and mailed respondent the original certificate of overassessment.

On September 29, 1937, the Commissioner reconsidered the refund claim filed by the Newport Company for 1926, and decided that his allowance of the claim was erroneous. Consequently he reversed the credit and reinstated the deficiency for 1919, giving taxpayer credit for the sum actually paid on February 9, 1937. After the changes the records in the Bureau of Internal Revenue showed a tax liability for 1919 unsatisfied in the amount of $51,-049.23. On November 30, 1937, a notice of deficiency for 1919 was mailed to the respondent, and in February of 1938 respondent filed a petition for a redetermination of the deficiency with the Board of Tax Appeals.

In the petition for redetermination the respondent alleged that the deficiency was erroneous "for the reason that said deficiency was fully paid and discharged prior to the mailing of the notice of deficiency herein." The Commissioner's answer denied that the 1919 tax liability had "ever been paid or otherwise satisfied or discharged." The evidence adduced at the hearing disclosed what has been stated in the preceding paragraphs of this opinion. The Board held that the book entries by which the allowed claim of overpayment was credited to the 1919 tax account, the adjustment of interest and the subsequent payment of the resulting balance, amounted in law to a complete payment and satisfaction of the 1919 tax. 40 B.T.A. 978.

The Board did not decide that the credit was erroneous or that the tax liability was in fact paid or satisfied. It concluded that the credit, presumptively correct when made, amounted in law to a payment of the tax to which it was applied, and consequently the Commissioner's later determination that the credit allowance was erroneous could only serve as a basis for an er-

roneous refund suit. Reliance is placed on United States v. Swift & Co., 282 U.S. 468, 51 S.Ct. 202, 75 L.Ed. 464; United States v. Botany Worsted Mills, 3 Cir., 98 F.2d 880; and Western Wholesale Drug Co. v. United States., D.C., 47 F.2d 770. In our opinion we shall assume that the credit entry was erroneous, and confine ourselves to the question whether the Commissioner had the power to undo what he had done.

The issue here is not whether there was an account stated, though the briefs discuss the point. Bonwit Teller & Co. v. United States, 283 U.S. 258, 51 S.Ct. 395, 75 L.Ed. 1018; Daube v. United States, 289 U.S. 367, 53 S.Ct. 597, 77 L.Ed. 1261; and Stearns Co. v. United States, 291 U.S. 54, 54 S.Ct. 325, 78 L.Ed. 647. The presence of the delivered certificate of overassessment is not determinative, Stearns case, 291 U.S. page 65, 54 S.Ct. 325, 78 L.Ed. 647, and moreover it can not be said here that "There is no suggestion that the allowance * * * resulted from * * * mistake," Bonwit Teller case, 283 U.S. page 264, 51 S.Ct. page 397, 75 L.Ed. 1018. The issue is more whether an account may be settled by the application of an erroneous credit, see Stearns case, supra, 291 U.S. page 66, 54 S.Ct. 325, 78 L.Ed. 647, and, even more important, whether such an account settled precludes any correction of the error or reversal of the credit.

In the instant case the collection of an additional tax for 1919 was not barred by any statute of limitations at the time of the credit reversal, and an erroneous credit could have been corrected by a suit for the recovery of an erroneous refund under § 610 of the Revenue Act of 1928, 45 Stat. 791, as amended by § 502(a) of the Revenue Act of 1934, 48 Stat. 680, and § 803 of the Revenue Act of 1936, 49 Stat. 1648, 26 U.S.C.A. Int.Rev.Acts, pages 460, 461.

Under the tax statutes the Commissioner has the duty to ascertain a taxpayer's true tax liability, and the authority to assess taxes where such taxes have not been duly paid. In the absence of statutory restrictions upon redeterminations, it would seem that his duty to determine a person's true tax liability and to collect taxes due, would compel him to reverse his own ruling or finding, if he concluded that he had made a mistake in the first determination. Unquestionably the Commissioner has the power to correct his errors with respect to a taxpayer's liability.

As a matter of policy, the Commissioner should have an opportunity to correct his mistakes, especially when correction is essential to the protection of the revenues. But of course he should exercise this power sparingly and timely. Otherwise there would be a want of repose in tax cases, accompanied by unsettled effects and productive of dissatisfaction with the administrative process. Good sense commands that the correction of errors be barred after the expiration of the period of limitations relative to assessments and collections.

■■■ Our thought in the matter is that the Commissioner has the power in a tax case to undo what he has done in order to eliminate error, and that in the instant case he exercised the power of correction properly and timely. We think this conclusion squares with the case law on the subject. It is the general rule that within the period of limitations the Commissioner may reopen his own administrative rulings and findings. Wisconsin Central R. v. United States, 164 U.S. 190, 205, 17 S. Ct. 45, 41 L.Ed. 399; Burnet v. Porter, 283 U.S. 230, 51 S.Ct. 416, 75 L.Ed. 996; Stearns Co. v. United States, 291 U.S. 54, 66, 54 S.Ct. 325, 78 L.Ed. 647; McIlhenny v. Commissioner, 3 Cir., 39 F.2d 356; St. Louis Union Trust Co. v. United States, 8 Cir., 82 F.2d 61, 66; Omaha Baum Iron Store v. United States, Ct.Cl., 8 F.Supp. 703, 705, certiorari denied 296 U.S. 576, 56 S.Ct. 87, 80 L.Ed. 407; American Woolen Co. v. United States, Ct.Cl., 18 F.Supp. 783; Id., Ct.Cl., 21 F.Supp. 125; Id., 21 F. Supp. 1021, 1023, certiorari denied, 304 U. S. 581, 58 S.Ct. 1055, 82 L.Ed. 1544; Arthur C. Harvey Co. v. United States, Ct. Cl., 23 F.Supp. 444, 449, certiorari denied 305 U.S. 642, 59 S.Ct. 145, 83 L.Ed. 414.

Respondent argues not that the Commissioner lacks the power to correct erroneous action, but that he should not exercise this power except by way of a suit for recovery of an erroneous refund. In this case, instead of bringing such a suit, the Commissioner simply reversed the credit, which accomplished the same result. Certainly resort to one method of correction instead of the other, did not deprive respondent of anything to which it had any right, for if there is error, respondent still owes the Government, and it should matter little to respondent as to what form that debt assumes. Since we see no legal objection to the methods selected by the Commissioner, to condemn it would be to interfere unduly with administrative discretion.

Respondent points to the Swift & Co. case and the Botany Worsted Mills case, mentioned earlier in the opinion, which support the proposition not disputed here that the crediting of an overpayment for one year against a deficiency for another year, constitutes payment as effectively as payment in cash. However, these cases did not pass upon the conclusiveness or revocability of the allowance of a credit, nor do they stand for the contention that the Commissioner lacks the power, upon determining that the allowance of the overpayment was erroneous, to correct that error by reversing the credit. The language used by the District Court in Western Wholesale Drug Co. v. United States, D. C.S.D.Cal., 47 F.2d 770, supports respondent's view, but we disagree with it. Perhaps the decision in that case may be reconciled with the cases we indorse, for it appears that the assessment of the deficiency was barred and that an erroneous refund suit would have been barred also, but in any event we do not accept the opinion.

Respondent also emphasizes particular language appearing in Daube v. United States, 289 U.S. 367, 372, 53 S.Ct. 597, 77 L.Ed. 1261, but we are reasonably certain that the Supreme Court could not have had our situation in mind. The issue in the Daube case was whether the Commissioner had allowed the claim of overpayment, and the Court answered this in the negative for the "transaction never went beyond the stage of intradepartmental conference and parley." 289 U.S. page 372, 53 S.Ct., page 599, 77 L.Ed. 1261. The Supreme Court compared this with the case of United States v. Kaufman, 96 U.S. 567, 24 L.Ed. 792, where the Commissioner had allowed a claim of overpayment. The Court expressly pointed out that the claim in the Kaufman case had been allowed whereas the Daube claim had not, and that the allowance in the Kaufman case had not been revoked as in Ridgway v. United States, 18 Ct.Cl. 707, 714, 715, nor reconsidered and later revised as in Austin Co. v. Commissioner, 6 Cir., 35 F.2d 910. In other words, the Kaufman claim was different than the Daube claim and the allowed claim in our case, for "What had been done by the Commissioner had never been undone." 289 U.S. page 371, 53 S.Ct. page 598, 77 L.Ed. 1261.

Nor need we forget, when weighing the language on page 372 of the Daube case, in 289 U.S., 53 S.Ct. 597, 77 L.Ed. 1261, that only two years before, in a case where the issue in substance was the same as in our case, the Supreme Court sanctioned the power of the Commissioner to undo what he had done. Burnet v. Porter, 283 U.S. 230, 231, 51 S.Ct. 416, 75 L.Ed. 996. In the Porter case the Commissioner first allowed a claim of overpayment, and then some time later reopened the case, disallowed the claim and redetermined the tax.

We conclude that the Commissioner has the power to correct his error, and his previous action in allowing the credit, if erroneous, is not binding on the Government. We can not treat as paid a tax liability which in fact has not been paid or satisfied.

The order of the Board is reversed, and the case is remanded with directions to resolve the fact question and thus determine the 1919 tax liability on the merits. It is so ordered.