**Michael M. BILLION and Patricia S. Billion, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 90–5093.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 10, 1990.

Decided Dec. 13, 1990.

Michael M. Billion, Sioux Falls, S.D., for appellants.

Curtis C. Pett of Washington, D.C., for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Michael M. Billion and Patricia S. Billion (hereinafter taxpayer) appeal from the order of the District Court[1] for the District of South Dakota granting summary judgment in favor of the government in this action for a refund of $306.15 in interest allegedly due and owing him by virtue of the method that the Internal Revenue Service (IRS) utilized in correcting certain erroneously-recorded estimated income tax

**1.** The Honorable John Bailey Jones, United States District Judge for the District of South Dakota.

payments. For reversal, taxpayer argues that while he agreed the IRS should correct its bookkeeping errors, he did not agree to the method of correction the IRS chose to employ, which according to taxpayer, required the IRS to pay him interest. We affirm.

On April 15, 1984, taxpayer requested an extension of time in which to file his 1983 income tax return and paid $4,500 as the 1983 estimated tax. On the same date, taxpayer paid to the IRS $7,000 as the first installment of his 1984 estimated tax. The IRS mistakenly recorded the 1983 $4,500 payment in taxpayer's 1984 account, and the 1984 $7,000 payment in taxpayer's 1983 account. As a result of these bookkeeping errors, it appeared that taxpayer had a $2,500 overpayment in 1983. The IRS sent taxpayer a refund check in said amount. Taxpayer promptly returned the check, informed the IRS of its errors, and requested correction. The IRS corrected its errors by crediting the "overpayment" in the 1983 account against the 1984 "underpayment" and abating all previously-assessed interest and penalties on the 1984 estimated tax.

Taxpayer filed a refund claim for interest due from the date of "overpayment" (April 15, 1984) to the due date of the tax being credited, which taxpayer claims was April 15, 1985. After the IRS denied the claim, taxpayer instituted this suit. The district court granted summary judgment in favor of the government, finding that taxpayer elected to have the refund check applied to his 1984 estimated tax liability, and thus, the government did not incur an obligation to pay interest.

It is unclear why the IRS simply did not reverse the erroneous credits and correctly post taxpayer's estimated tax payments. Nevertheless, in light of taxpayer's original intent to pay the two tax payments on April 15, 1984, and given that taxpayer requested correction of the error and that the IRS ultimately restored the status quo without prejudice to taxpayer, it should matter little to taxpayer what correction method the IRS elected to use. Taxpayer has raised no legal objection to the IRS's method of correction. To allow interest

under these circumstances would interfere unduly with the IRS's administrative discretion. *Cf. Commissioner v. Newport Industries,* 121 F.2d 655, 657 (7th Cir.1941).

Accordingly, the district court judgment is affirmed. Each side is directed to pay its own costs.