## AMERICAN HIDE & LEATHER CO. v. UNITED STATES.

### No. J–555.

Court of Claims.

June 6, 1932.

Conforming to mandate of Supreme Court 284 U. S. 343, 52 S. Ct. 154, 76 L. Ed. ——; 284 U. S. 598, 52 S. Ct. 207, 76 L. Ed. ——.

Before BOOTH, Chief Justice, and WILLIAMS, WHALEY, LITTLETON, and GREEN, Judges.

### PER CURIAM.

This case came on for hearing on the mandate of the Supreme Court reversing the judgment of this court dismissing the petition, 48 F.(2d) 430, 71 Ct. Cl. 114, and plaintiff's motion for judgment of $590,451.19 for the taxable fiscal period January 1 to June 30, 1918, with interest at 6 per centum per annum from 1919, and defendant's reply to plaintiff's motion accompanied by a recomputation showing no overpayment for the taxable period in question.

Upon consideration of the mandate of the Supreme Court, the original record in the case, plaintiff's motion for judgment, and the defendant's recomputation and reply to plaintiff's motion, the court finds the following facts: (1) The correct net taxable income of plaintiff for the fiscal taxable period January 1 to June 30, 1918, was $1,826,611.94; (2) its correct invested capital for this period was $22,584,154.24; (3) plaintiff's correct income and profits tax liability for the fiscal period January 1 to June 30, 1918, was $708,068.47; (4) the total tax paid by plaintiff for the calendar year 1918 was $1,246,271.24; (5) plaintiff overpaid its income and profits tax for the fiscal period January 1 to June 30, 1918, in the amount of $538,202.77; (6) the amount of $94,835.16 of this overpayment has been refunded with interest; (7) the correct overpayment of tax for which the plaintiff is entitled to judgment with interest on the mandate of the Supreme Court is $443,367.61; and (8) the recomputation filed by the plaintiff and the recomputation filed by the defendant are part of the record in this case and are made a part of this finding by reference; wherefore,

It is ordered, adjudged, and decreed that the plaintiff recover of and from the United States $443,367.61, with interest at 6 per centum per annum on $287,859.02 from December 15, 1919, and on $155,508.59 from September 16, 1919, to such date as the Commissioner of Internal Revenue may determine, in accordance with the provisions of section 177 (b) of the Judicial Code, as amended by section 615 (a) of the Revenue Act of 1928, 28 USCA § 284 (b).

WILLIAMS, Judge (dissenting).

I think the plaintiff is entitled to a judgment in the sum of $590,451.19. That is the amount the Bureau of Internal Revenue, in a computation made subsequent to the decision of the Supreme Court in this case, January 4, 1932, determined the plaintiff was entitled to recover; the computation being made in accordance with the opinion of the court. In the opinion handed down January 4, 1932, the Supreme Court simply reversed the case and directed judgment for plaintiff for $443,367.61. Subsequently counsel representing the Department of Justice, the Bureau of Internal Revenue, and the plaintiff, appeared before Mr. Justice Stone, who had delivered the opinion of the court, and represented to him that the plaintiff, under the decision of the court, was entitled to a judgment for the amount shown in the computation, to wit, $590,451.19. Thereafter, January 25, 1932, the Supreme Court made the addenda to the original opinion reversing the case "without prejudice to any restatement of the amount of overpayment based on a recomputation of the tax."

That the addenda was made for the sole purpose of permitting this court to enter a judgment for $590,451.19 is not open to doubt. That is the amount of the overpayment, computed in the manner indicated in the opinion of the Supreme Court, and is the amount the plaintiff is entitled to recover.

GREEN, Judge (dissenting).

I am of the opinion that the mandate of the Supreme Court authorized this court to recompute plaintiff's taxes, and I think the recomputation thereof presented in the defendant's brief is correct. If so, there is nothing due plaintiff, and its petition should be dismissed.