444

ARTHUR C. HARVEY CO. v. UNITED
STATES.
No. 42473.

Court of Claims.
May 31, 1938.

O. Walker Taylor, of Boston, Mass., for plaintiff.

George H. Foster, of Chicago, Ill., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Upon the facts disclosed by the record as set forth in the findings, we are of opinion that plaintiff is not entitled to recover for the reasons (1) that the suit was not instituted within two years after the rejection of any refund claim; (2) that there was no account stated by the Commissioner in 1924 or at any time subsequent thereto upon which plaintiff was entitled to maintain a suit under section 145 of the Judicial Code, 28 U.S.C.A. § 250, upon an implied promise to pay; and (3) that the Commissioner of Internal Revenue in his final decision and action with reference to plaintiff's tax liability for the six-months' period ending June 30, 1918, decided and held that plaintiff had not overpaid its tax for that period and applied the amount of the previously allowed overpayment which had not been refunded in satisfaction of the tax liability of plaintiff for such six-months' period, and the evidence in this case does not show that the tax due by plaintiff for the period June 1 to June 30, 1918, has been overpaid.

Viewed as a suit upon a rejected claim for refund, it is clear that this pro-

ceeding cannot be maintained on that ground for the reason that the rejection of the claim for refund occurred not later than February 26, 1930. Viewed as a suit on an implied promise to pay arising from an account stated, it is also clear that the suit cannot be maintained for the reasons (1) that there was no account stated of such character as would give rise to an implied promise to pay for the reason that the certificate of overassessment issued and mailed to plaintiff between May 16 and September 30, 1924, stated no balance in favor of plaintiff other than the small amount which was refunded.. Leisenring et al. v. United States, 3 F.Supp. 853, 4 F.Supp. 993, 78 Ct.Cl. 171; First National Bank of Beaver Falls v. United States, 8 F.Supp. 484, 9 F.Supp. 424, 79 Ct.Cl. 744; Pratt & Whitney Co. v. United States, 6 F.Supp. 574, 10 F.Supp. 148, 80 Ct.Cl. 676. Moreover, this suit was not instituted until more than six years after delivery of that certificate of overassessment. Plaintiff, however, seems to argue that even if the suit was not brought within six years after the delivery of the certificate of overassessment for 1918 subsequent to the first allowance of the Commissioner February 18, 1924, which certificate showed credits against taxes for 1915 to 1917, inclusive, the suit was nevertheless timely instituted for the reason that the Commissioner in September and October, 1929, reversed his action as to the credits to 1915 to 1917, inclusive, abated the additional assessments for those years, and on February 26, 1930, advised plaintiff that he had decided there had been no overpayment for 1918 and rejected the claim for refund filed July 27, 1929. It is obvious that the action of the Commissioner reversing the credits and refusing to refund the previously allowed overpayment for 1918 on the ground that the original return filed by plaintiff for the six-months' period ending June 30, 1918, was correct and that there was, therefore, no overpayment in fact, could not give rise to an account stated showing a balance due plaintiff. Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293. On the contrary, the effect of this action of the Com-

missioner was that there was a balance due the Government by plaintiff in respect of its tax liability for the period mentioned. The Commissioner possessed authority to reverse the credits. Daube v. United States, 289 U.S. 367, 372, 53 S.Ct. 597, 599, 77 L.Ed. 1261; American Woolen Company v. United States, on rehearing, 21 F.Supp. 1021, 85 Ct.Cl. 101. The evidence does not show that there was an overpayment of tax for the six-months' period ending June 30, 1918, when computed in accordance with the provisions of section 226 of the Revenue Act of 1918, 40 Stat. 1057, 1075. Cf. American Hide & Leather Co. v. United States, 58 F.2d 1080, 75 Ct.Cl. 393; Appeal of Weed, 2 B.T.A. 84. Even if the Commissioner was wrong in his final decision that there had been no overpayment, suit upon that ground was barred at the time this proceeding was instituted and, in any event, that question is res adjudicata by the decision in Arthur C. Harvey Co. v. Malley et al., D.C., 52 F.2d 885; Id., 1 Cir., 60 F.2d 97; Id., 288 U.S. 415, 53 S.Ct. 426, 77 L.Ed. 866. Moreover, we can find no equity in plaintiff's claim. The credits made by the Commissioner February 18, 1924, of a portion of the overpayment first determined by him in respect of the taxable period January 1 to June 30, 1918, to taxes admittedly due for 1915, 1916, and 1917, were in every respect valid and legal for the reason that these credits were in pursuance of and in accordance with plaintiff's requests and claims for credit. R. H. Stearns Co. v. United States, 291 U.S. 54, 54 S.Ct. 325, 78 L.Ed. 647; Naumkeag Steam Cotton Co. v. United States, 2 F.Supp. 126; 76 Ct.Cl. 687. The requests for credit were effective. Horuff v. United States, 9 F.Supp. 1016, 80 Ct.Cl. 761. By reversal of those credits plaintiff escaped the payment of taxes admittedly owing for 1915, 1916, and 1917 in the exact amount here sought to be recovered. In addition to this, the record here shows that under the Commissioner's final decision with respect to the tax due for the period January 1 to June 30, 1918, plaintiff paid $77,928.45 less tax than it owed for that period. The petition is therefore dismissed. It is so ordered.