744

## UNITED STATES v. STEEL FURNITURE CO.

No. 6491.

Circuit Court of Appeals, Sixth Circuit.
Jan. 14, 1935.

Helen Carloss, of Washington, D. C. (Fred C. Wetmore, of Grand Rapids, Mich., and E. Barrett Prettyman, Ralph E. Smith, and D. Louis Bergeron, all of Washington, D. C., on the brief), for the United States.

G. A. Wolf, of Grand Rapids, Mich., for appellee.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

In 1926 the Commissioner of Internal Revenue paid to the appellee interest, computed under section 1116 of the Revenue Act of 1926 (26 USCA § 153 note), on overpay-ments of taxes made by it for the taxable years 1913, 1914, 1916, and 1919. Later he computed the interest under section 1019 of the Revenue Act of 1924 (26 USCA § 153 note), and on September 27, 1929, paid the appellee the difference amounting to $375.10. Subsequently he determined that the second interest payment had been made under a mistake as to the applicable statute, and brought this action May 11, 1932, to recover it. The District Court dismissed the petition on the ground that the cause of action was barred.

The statute on which the court relied (Revenue Act 1928, § 610 [26 USCA § 2610]) provides:

"(a) Any portion of an internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) refund of which is erroneously made, within the meaning of section 2608, after May 29, 1928, may be recovered by suit brought in the name of the United States, but only if such suit is begun within two years after the making of such refund.

"(b) Any portion of an internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) which has been erroneously refunded (if such refund would not be considered as erroneous under section 2608) may be recovered by suit brought in the name of the United States, but only if such suit is begun before the expiration of two years after the making of such refund or before May 1, 1928, whichever date is later."

The statute is a limitation on the right of the government to recover "any portion of an internal revenue tax (or any interest, penalty, additional amount, or addition to such tax)" erroneously refunded to a taxpayer. The appellant contends that the word "interest" in the statute, when interpreted in the light of the words with which it is associated, must be limited to interest paid by a taxpayer to the government and later refunded to the taxpayer, and does not include interest which the government is required to pay on an overpayment of taxes. We think this construction is too narrow. The statute was evidently enacted to grant the taxpayer repose from suits for erroneous refunds made by the government. Being a part of a taxing act, it is to be given a liberal construction in favor of the taxpayer. W. P. Brown & Sons Lumber Co. v. Commissioner, 38 F.(2d) 425, 428 (C. C. A. 6), so far as it is to be construed as holding differently, must be deemed to have been

overruled by Bowers v. New York & Albany Lighterage Co., 273 U. S. 346, 350, 47 S. Ct. 389, 71 L. Ed. 676, and United States v. Updike, 281 U. S. 489, 496, 50 S. Ct. 367, 74 L. Ed. 984. To limit the statute to actions to recover erroneous returns or payments to a taxpayer of a tax and interest which he had previously paid to the government would be a construction in favor of the government. Under such construction, the taxpayer would be subject to the expense and annoyance of a suit to recover an erroneous payment by the government of interest on a tax, though suit for an erroneous return of the tax and interest thereon paid by the taxpayer would be barred. We think the statute requires a broader interpretation, and that the bar operates against both.

The judgment is affirmed.

ALLEN, Circuit Judge, dissents.