**Libbie MERLIN, Plaintiff,**

v.

**P. K. SANDERS, Acting District Director of Internal Revenue, Defendant.**

**No. 4724.**

United States District Court
N. D. Georgia, Atlanta Division.

Aug. 17, 1956.

---

**20.** 7 U.S.C.A. § 1363.

L. E. McNatt, Atlanta, Ga., for plaintiff.

James W. Dorsey, U. S. Atty., Atlanta, Ga., for defendant.

HOOPER, Chief Judge.

Former opinion filed is vacated, upon motion to reconsider.

Plaintiff brought action against the District Director of Internal Revenue seeking injunction against proceedings by the latter to collect a certain assessment against the plaintiff. This Court does not construe the action as being one for declaratory judgment, but rather for injunctive relief.

The complaint in Paragraph Four alleges the "defendant on October 6, 1953 issued his Form No. 21 demanding the sum of $594.49 from defendant because of an assessment alleged to have been made against plaintiff on her 1949 income tax return." This allegation, except in regard to the amount involved, was admitted by defendant and defendant also admitted Paragraph Five of the complaint which alleged that no notice of deficiency required by 26 U.S.C.A. § 272 was issued by defendant.

Essentially plaintiff seeks to enjoin collection of the assessment because of failure of the Director to issue said ninety-day notice.

The United States intervened in the case seeking judgment against the plaintiff based on the following allegations:

In her income tax return for the year 1948 plaintiff claimed that her 1948 taxes had been overpaid by $487.08 and that said sum, plus interest, was refunded to plaintiff on April 16, 1949. That plaintiff, in her tax return for the year 1949, claimed the sum of $1,752.70 as payments on her 1949 estimated tax to be applied toward her 1949 taxes, and that one of the components of this $1,752.70 was a claimed credit of $487.08 representing an overpayment of 1948 taxes, alleging that this $487.08 is the same sum that had previously been refunded to plaintiff on April 16, 1949. That on April 18, 1950 plaintiff had been paid $1,401.33, representing the total overpayment of 1949 taxes claimed on plaintiff's 1949 return, and that this claimed overpayment resulted in part from the claim of credit for overpayment of 1948 taxes in the sum of $487.08 which had been refunded. It is alleged that part of the refund of $1,401.33 was induced by misrepresentation of plaintiff in her 1949 return that she was entitled to a credit of $487.08 as aforesaid.

Intervenor asked judgment against plaintiff in the sum of $487.08 plus interest. This intervention was allowed subject to objection.

In it's answer the defendant contended that notice of deficiency pursuant to 26 U.S.C.A. § 272, was not required, that this action could not be maintained to enjoin collection of same, being prohibited by 26 U.S.C.A. § 3653(a) of the Internal Revenue Code and that plaintiff was really seeking a declaratory judgment which was prohibited by 28 U.S.C.A. § 2201; and motion was filed by plaintiff to strike these three defenses.

(1) As the Director of Internal Revenue elected to proceed by assessment, without first giving the ninety day letter required by 26 U.S.C.A. § 272(a)(1), plaintiff is clearly entitled to an injunction, for the claim does not come within the exception made by 26 U.S.C.A. § 272(f) covering mathematical errors appearing on the face of the return.

(2) But for the ruling in the case of Maxwell v. Campbell, 5 Cir., 205 F.2d 461, I would not think this claim should be termed a claim for a deficiency (which is defined as "the amount by which the tax imposed * * * exceeds the excess of * * * the sum * * * shown as the tax by the taxpayer upon his return." See 26 U.S.C.A. § 271(a). But that is beside the question: The Director proceeded on the theory it was a deficiency, but omitted the ninety day letter, so the assessment must be enjoined.

However, the intervention by the United States is filed under the express terms of 26 U.S.C.A. § 3746 authorizing suits for refunds erroneously made, if suit is begun within two years, or within five years where based on "misrepresentation of a material fact." Wilful misrepresentation is not required.

Here the refund preceded the suit by more than two, but less than five years, from the date of the second refund on April 18, 1950. The taxpayer, in her 1949 return, represented she was entitled to credits totalling $1,752.70, but that amount included the refund of $487.08 already made to her, so it follows she made a misrepresentation. No cases have been cited on this question, but this Court is ruling the five year limitation applies, and that the Government under these facts should not be penalized for failure to discover the misrepresentation and sue within the two year period.

Judgment is entered herewith, restraining the assessment and granting recovery in favor of the United States upon it's intervention.