**Libbie MERLIN, Appellant,**

v.

**P. K. SANDERS, Acting District Director of Internal Revenue and United States of America, Intervener, Appellees.**

**No. 16351.**

United States Court of Appeals Fifth Circuit.

May 3, 1957.

L. Eugene McNatt, Atlanta, Ga., Cuba, Cuba & McNatt, Atlanta, Ga., of counsel, for appellant.

S. Dee Hanson, Lee A. Jackson, Attys., Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., A. F. Prescott, Atty., Dept. of Justice, Washington, D. C., James W. Dorsey, U. S. Atty., Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., for appellees.

Before HUTCHESON, Chief Judge, and BORAH and TUTTLE, Circuit Judges.

BORAH, Circuit Judge.

Other questions were involved and decided in the trial court, but the only issues presented by this appeal are restricted to that part of the trial court's judgment which allowed the United States as intervener to recover from plaintiff taxpayer the sum of $487.08 (plus statutory interest) which it had erroneously refunded to taxpayer on April 18, 1950.

The case was tried on stipulated facts, which for present purposes may be summarized as follows: On March 15, 1948, the taxpayer filed a Declaration of Estimated Tax for the year 1948 showing a total estimated tax of $2,730.88. In her declaration taxpayer claimed credit for $491.10, representing an overpayment of 1947 income taxes in that amount, and the balance of $2,239.78 which was due was thereafter timely paid in four installments.

On March 14, 1949, taxpayer filed her federal income tax return for 1948 in which she claimed an overpayment in the amount of $487.08, without, however, indicating on the face of the return whether that amount should be refunded to her or applied as a credit on her 1949 Declaration of Estimated Tax. In arriving at the amount of the 1948 overpayment, taxpayer showed on her income tax return for that year that taxes in the amount of $1,978.10 were due; that $225.40 had been withheld from wages; and that *$2,-239.78* had been paid on her 1948 Declaration of Estimated Tax, instead of the correct amount of $2,730.88 aforementioned, which latter figure, as previously stated, included the claimed credit of $491.10. On the same day that taxpayer filed her 1948 income tax return, she also filed a Declaration of Estimated Tax for the year 1949, showing an estimated tax of $1,752.70. No remittance was made with this declaration for the reason that on this form she claimed a credit of $487.08 representing the overpayment of her 1948 taxes as she had calculated it on her 1948 income tax return; and the balance due, which was to be paid in installments, was in the amount of $1,-265.62. Thereafter, and notwithstanding the fact that taxpayer had in her 1949 declaration claimed the 1948 overpayment as a credit on her estimated tax for 1949, the full amount of the 1948 overpayment was refunded to taxpayer by Treasury check which she endorsed and

cashed. Following the receipt of this refund, taxpayer paid the $1,265.62 which she had shown as the balance due on her estimated tax for 1949, but made no further payment despite the fact that the 1948 overpayment which was to have been credited to the 1949 estimated tax had been refunded to her.

On March 15, 1950, taxpayer filed her federal income tax return for the year 1949 showing that taxes in the amount of $715.37 were due and that $364.00 had been withheld from wages; *and without offsetting the amount of the refunded overpayment for the previous year, taxpayer showed that $1,752.70 had been paid on her 1949 Declaration of Estimated Tax. On the basis of these figures which showed that she had paid $2,116.70 whereas she owed only $715.37, taxpayer claimed an overpayment of $1,401.33, and indicated on her return that this overpayment should be refunded to her.*

Later during the same month, taxpayer also filed an amended income tax return for the year 1948, showing a tax due of only $1,819.09 instead of the figure $1,978.10 as originally reported, and she filed a claim for refund of $159.01 which represented the difference between these two amounts.

Pursuant to these requests for refund, taxpayer thereafter received two Treasury checks which she endorsed and cashed. One of these checks, dated April 18, 1950, was in the amount of $1,401.33 and represented the overpayment claimed on taxpayer's 1949 income tax return. The other check, dated July 5, 1950, in the amount of $701.00, represented the principal and interest on the $159.01 claimed on taxpayer's amended return for 1948, and the additional sum of $491.10 (plus interest) which, as set forth above, represented her 1947 overpayment in taxes for which taxpayer had not claimed credit in her 1948 income tax return.

On November 6, 1952, the District Director of Internal Revenue sent the taxpayer a letter notifying her that as a result of a mathematical verification of her 1949 income tax return an error had been detected, the correction of which resulted in a deficiency of $487.08, and on December 24, 1952, the Commissioner of Internal Revenue made an assessment against her in that sum (plus statutory interest of $81.81) as additional taxes and interest for the year 1949. No statutory notice of deficiency was sent to the taxpayer prior to such assessment, and when the Director demanded payment of the amount so assessed, no payment was made. Thereafter the Director issued a warrant of distraint to collect the deficiency assessment whereupon the taxpayer filed suit in the district court to enjoin the Director from collecting the assessment by distraint on the ground that the assessment was null and void for want of notice as required by 26 U.S.C. § 272(a) (1). Following the issuance of a temporary restraining order and during the pendency of the action in the district court, the United States intervened in the suit to recover the sum of $487.08, plus interest, on the grounds that that part of the refund of $1,401.33 was induced by the misrepresentation of a material fact by taxpayer on her 1949 income tax return, i. e., that she was entitled to a credit of $487.08 as an overpayment of her 1948 taxes, when in truth and in fact that sum had previously been refunded to taxpayer as an overpayment on her 1948 income taxes.

Upon consideration of the foregoing stipulated facts, the district court granted the taxpayer's injunction on the ground that no statutory notice of deficiency had been sent her by the Director, but held that the United States was entitled to recover the amount erroneously refunded to taxpayer on April 18, 1950, plus interest. The court also held that the complaint was timely filed under Section 3746 of the Internal Revenue Code of 1939, 26 U.S.C. § 3746, by reason of taxpayer's misrepresentation of a material fact on her 1949 income tax return. Judgment was entered accordingly, following which the Director and the taxpayer each appealed. The Director thereafter dismissed his appeal and as a consequence there remain two questions

for our determination: (1) whether the Government, having twice refunded the same overpayment in taxes, is entitled, under Section 3746 of the Internal Revenue Code of 1939, to recover the second refund, and (2) whether the Government's suit by intervention was timely commenced under Section 3746(c) which provides that such suits may be brought at any time within five years from the making of the erroneous refund where any part thereof was induced by the taxpayer's misrepresentation of a material fact.

■ Appellant's first point is that the court erred in permitting the United States to intervene to collect an alleged deficiency in income taxes which the Director of Internal Revenue was prohibited from collecting by reason of his failure to issue a notice of deficiency as required by 26 U.S.C. § 272(a) (1). We are no more impressed by this argument than was the district court. Indeed, we think the contention does not meet but confuses the issue here involved. The record clearly shows that the Government did *not* intervene for *the collection of a deficiency in taxes,* but as has been previously pointed out, to recover money had and received, and its action was specifically authorized by Section 3746 of the 1939 Code governing suits by the United States to recover erroneous tax refunds.

■ Appellant's next contention is that there was no erroneous refund of income taxes on April 18, 1950, and in support it is argued that on that date there was still due taxpayer by the Government the sum of $491.10 for which she had failed to claim credit in computing the amount of her payments of estimated tax for 1948, and consequently, double refund was not actually made until July 5, 1950, when there was issued to her the refund check in the amount of $701.00 which included therein the $491.10

overpayment for the year 1947. We think this contention is wholly without merit for the all-sufficient reason that in making the second refund of $487.08 on April 18, 1950, the Government acted solely in reliance upon appellant's representations in her 1949 income tax return to the effect that she was entitled to credits which included the amount which had previously been refunded to her. Appellant having thus by her representations and request for refund induced the Government to issue its check of April 18, 1950, she cannot now be permitted to rely upon an entirely different error in prior returns in an attempt to escape responsibility for having requested and received the second refund of $487.08.

■ Equally without merit is appellant's final contention that the court erred in holding that there was a misrepresentation of a material fact that enlarged the statute of limitations from two to five years. We do not at all agree. We think it plain that when appellant showed on the face of her 1949 income tax return that she had paid $1,752.70 on her 1949 estimated tax, when in truth and in fact $487.08 of that amount had actually been refunded to her during that year, she was guilty of a patent misrepresentation of a material fact. And since it was this material misrepresentation which induced the erroneous refund, this case falls squarely within the provisions of Section 3746(c) which provides, in part, that suits for erroneous refunds "may be brought at any time within five years from the making of the refund if it appears that any part of the refund was induced by fraud *or the misrepresentation of a material fact."* (Emphasis ours.) It follows that the Government's intervention in the suit was timely and the district court rightly so held.

Affirmed.