**NELSON SPECIALTY CORPORATION,**
Plaintiff,

v.

**The UNITED STATES, Defendant.**

**Civ. No. 32768.**

United States District Court
N. D. California, S. D.

Aug. 6, 1957.

Charles J. Leighton, Jr., Oakland, Cal., for plaintiff.

Charles K. Rice, Asst. Atty. Gen., James P. Garland, Walter B. Langley, Attys., Department of Justice, Washington, D. C., Lloyd H. Burke, U. S. Atty., Lynn J. Gillard, Chief Asst. U. S. Atty., San Francisco, Cal., for defendant.

HARRIS, District Judge.

Plaintiff, a California corporation, seeks to recover from defendant certain moneys collected for the tax year ending March 31, 1944. Under its first cause of action plaintiff seeks a refund of $5,624.04 which is 10% of an excess profits tax deficiency of $56,240.44 paid by plaintiff subsequent to July 1, 1945.

In its first counterclaim, defendant seeks to recover $23,171.35 from plaintiff, such sum being the balance owing on plaintiff's excess profits account for the tax year ending March 31, 1944. The balance refers to the previous deficiency of $56,240.44 (referred to above) and to which plaintiff seeks a post war credit of $5,624.04 as set forth in its first cause of action.

There are many complex transactions involved in the computation of the particular sums at issue in this litigation. It is unnecessary to review them as the parties do not dispute the accuracy of the above amounts. Interest, credits (in-

cluding California franchise tax credits) and deficiencies have been considered in reaching these computations.

The difference between the parties —and the sole issue to be considered by the Court on the first cause of action and the first counterclaim—is the applicability of the statute of limitations as a bar to the defendant's counterclaim,

The amount owing the defendant as set forth in the first counterclaim represents interest assessed against plaintiff by reason of its failure to pay the full amount of excess profits tax due for the year ending March 31, 1944. Plaintiff has paid the deficiency itself and the money received by defendant was applied to the basic sum owing. This is the normal procedure followed by the government in its collection of taxes. The present case arose through a mistake of the government in its initial computation of excess profits tax due from plaintiff and the correlative right of plaintiff to receive a 10% bonus or refund in accordance with Section 3806(b) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3806b (26 U.S.C.A. Excess Profits Taxes, § 780).

If the two-year statute of limitations contained in § 3746(b) of the Internal Revenue Code of 1939 (26 U.S.C.A. § 7405) is applicable to the government's first counterclaim, then plaintiff is entitled to recover the $5,624.04 as set forth in its first cause of action. On the other hand, if the statute of limitations is not applicable, then the defendant shall obtain summary judgment in the amount prayed for in its first counterclaim. Both plaintiff and defendant have moved for summary judgment on the first counterclaim and the first cause of action, while defendant has moved to dismiss plaintiff's first cause of action.

The statute of limitations has been applied by numerous courts, including the Northern District of California, in connection with moneys paid through mistake. Judge Goodman held it applicable in Crocker First National Bank of San Francisco v. United States, D.C., 137 F.Supp. 573, which case followed United States v. Steel Furniture Co., 6 Cir., 74 F.2d 744. The proper remedial procedure for the government in attempting to recover an erroneous refund requires that it act within the two-year period. Hartford-Connecticut Trust Co. v. Eaton, D.C., 8 F.Supp. 218; Western Wholesale Drug Co. v. United States, 9 Cir., 47 F.2d 770.

There is no dispute as to the rule itself; the sole problem arises over the meaning of the word "refund." Universal Oil Products v. Campbell, 7 Cir., 181 F.2d 451, holds that the tax credit allowed under § 3806(b) of the Internal Revenue Code of 1939 is a refund. 26 U.S.C.A. Excess Profits Taxes § 781(d) is similar to the previously quoted section and also provides for a refund. The court accepted this argument in United States v. Arthur G. McKee & Co., D.C., 139 F.Supp. 263.

In the McKee case the District Court held that bonds issued a taxpayer (and his subsequent redemption of such bonds) constituted a "refund" rather than a reduction of tentative excess tax liability. Thus the two-year statute of limitations was applicable and the government's complaint was dismissed. The court expressed the view that "refund" is not ambiguous, but is plain on its face and clearly covers a situation in which a 10% credit is granted the taxpayer upon payment of his excess profits tax.

In like manner, the transaction in the case at bar constituted a refund and the defendant is barred by the Statute of Limitations.

Accordingly, judgment may be entered in favor of plaintiff and against defendant on the second counterclaim. Defendant's motion to dismiss is denied.