**RUSHLIGHT AUTOMATIC SPRINKLER CO., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**UNITED STATES of America, Appellant,**

v.

**RUSHLIGHT AUTOMATIC SPRINKLER CO., Appellee.**

**No. 16834.**

United States Court of Appeals
Ninth Circuit.

June 23, 1961.

Denton G. Burdick, Jr., Hutchinson, Schwab & Burdick, Portland, Or., for appellant.

Charles K. Rice, Asst. Atty. Gen., Meyer Rothwacks, A. F. Prescott, Helen A. Buckley and Arthur Gould, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before STEPHENS and HAMLEY, Circuit Judges, and BOWEN, District Judge.

BOWEN, District Judge.

The 1953 fiscal year's income of a joint venture, of which Rushlight Automatic Sprinkler Co. (the defendant below, being both appellant and appellee here, and hereinafter referred to as Rushlight) was a member, was pursuant to § 3806(b) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 3806(b), renegotiated for excessive profits by the Los Angeles Regional Renegotiation Board. In September 1956 the Board determined that the joint venture had received excessive profits of which Rushlight's individual share was $22,-250. Thereupon the District Director of Internal Revenue advised the Board that Rushlight was entitled to a tax credit in the sum of $8,560.71 under the provisions of said § 3806(b). Accordingly, in November 1956 Rushlight paid to the United States, and it with that credit accepted, the sum of $13,-690.29 (the record balance of said $22,-250 less said $8,560.71 credit is actually $13,689.29, but the discrepancy is de minimis) as full payment and satisfaction of Rushlight's $22,250 liability respecting such excessive profits.

That $8,560.71 tax credit was mistakenly allowed because at the time of its allowance the United States erroneously thought that Rushlight had an adjusted income tax liability for the fiscal year 1953 of $12,024.90, but in fact, Rushlight had no tax liability whatever for that tax period because the District Director in July 1956 allowed to Rushlight a net operating business loss of $12,024.90 occurring in 1955 as a carry-back to the fiscal year 1953 with the result that at that time that sum was refunded to Rushlight.

Thereafter in September 1956 when the tax credit was computed in connection with the renegotiation proceedings, the fact that the full amount of the tax paid by Rushlight for the year 1953 had already been refunded to it was entirely overlooked. So, Rushlight was not entitled to any tax credit or refund for the year 1953 under the renegotiation agreement because as explained in the next preceding paragraph Rushlight did not in fact finally pay a tax for that year.

This action followed in the District Court. It had and this Court has jurisdiction. 28 U.S.C. §§ 1345, 1291. By the action the United States seeks to recover, under § 3746(b) of the 1939 Internal Revenue Code, 26 U.S.C.A. § 3746(b), providing specifically for the recovery of erroneously allowed refunds, against Rushlight for that sum of $8,560.71 mistakenly credited against Rushlight's tax liability for the year 1953, and for interest on that sum from the time it was so credited, as if that tax credit had been a refund payment of money. The District Court upheld that theory and granted judgment to the United States for that sum, but allowed interest thereon only from the date of the judgment. Both parties now appeal to this Court, the defendant as to all the relief granted plaintiff, and the plaintiff respecting only the period during which interest should run.

Rushlight below denied and on this appeal denies all liability contending that this proceeding in reality is one requiring as a condition precedent to the right of recovery that a deficiency assessment and notice proceeding be first had under the provision of § 272 of the Code, 26 U.S.C.A. § 272, in order to entitle the United States to any recovery. The latter denies that contention, but admits that if such deficiency and notice procedure was or is required none such occurred, and that such procedure is now time barred, and asserts that as specifically provided in said § 3746(b) it is entitled to maintain this action for recovery of the $8,560.-71 erroneous refund plus interest as claimed, without previous deficiency notice.

The pertinent words of said § 3746 (b) itself do specifically and plainly provide:

"Any portion of an internal revenue tax (or any interest, penalty, additional amount, or addition to such tax) which has been erro-

neously refunded (if such refund would not be considered as erroneous under section 3774) may be recovered by suit brought in the name of the United States, but only if such suit is begun before the expiration of two years after the making of such refund."

We agree with the contention of the United States that it is entitled to maintain this action under said § 3746(b) and with the Fifth Circuit ruling to that effect in Merlin v. Sanders, 243 F.2d 821, 824. In that case reviewing a contention much like that of Rushlight here, that Court said:

"We are no more impressed by this argument than was the district court. Indeed, we think the contention does not meet but confuses the issue here involved. The record clearly shows that the Government did *not* intervene for *the collection of a deficiency in taxes*, but as has been previously pointed out, to recover money had and received, and its action was specifically authorized by Section 3746 of the 1939 Code governing suits by the United States to recover erroneous tax refunds." (Italics as in original text.)

That Court's statement that this action is one to recover for money had and received and is specifically authorized by said § 3746(b) "governing suits by the United States to recover erroneous tax refunds" is supported by United States v. Failla, 3 Cir., 219 F. 2d 212; Universal Oil Products Co. v. Campbell, 7 Cir., 181 F.2d 451; United States v. Sarkozy, D.C.E.D.Mich., 99 F. Supp. 736; Nelson Specialty Corp. v. United States, D.C.N.D.Cal., 154 F. Supp. 155.

By reason of §§ 3746 and 272 of the 1939 Code, the United States had the choice of two remedies, without let or hindrance from the taxpayer. It clearly had the right to exercise that choice and bring this action under § 3746 as it did, and the Trial Court's ruling to that effect was proper.

Rushlight further contends that this action should have been brought against the joint venture instead of Rushlight. The $8,560.71 tax credit here involved grew out of the renegotiation agreement of the United States with the joint venture of which Rushlight was a member, but the joint venture's part in obtaining the credit was nothing more than that of an agent since the joint venture received no benefit from the credit. Rushlight, one of the joint venturers, was alone benefited by the credit or refund, and therefore is the real party in interest and the proper party to be as it was joined as defendant instead of the joint venture in this action by the United States. On that point no error was committed by the Trial Court.

Respecting the beginning date of the interest accruing period, the applicable statute provides that

"Erroneous refunds recoverable by suit under this section shall bear interest at the rate of 6 per centum per annum from the date of the payment of the refund." § 3746(d) of the 1939 Internal Revenue Code.

The United States is therefore, clearly entitled to interest from the date the credit or refund was allowed, and the Trial Court was in error in allowing interest only from the date of its judgment.

From the foregoing it follows that the judgment of the District Court awarding to the United States recovery of the erroneously made refund of $8,560.71 was correct and should be affirmed, but that as to the allowance of interest thereon only from the date of judgment and not from the date of the erroneous credit or refund allowance was incorrect and should be reversed and that instead the Trial Court should be directed to allow interest from the date the erroneous credit or refund was made to the time of payment of the judgment. It further so follows that the District Court's denial of any and all relief to Rushlight was correct and should be affirmed.

So ordered.