**UNITED STATES of America,
Appellant,**

**v.**

**C & R INVESTMENTS, INC., a corporation, Appellee.**

**No. 9752.**

United States Court of Appeals
Tenth Circuit.

Dec. 5, 1968.

Melva M. Graney, Atty., Dept. of Justice, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., and Lee A. Jackson, Atty., Dept. of Justice, on the brief), for appellant.

Claude L. Rice, Kansas City, Kan. (James L. Baska and Clarence H. Wood, Kansas City, Kan., on the brief), for appellee.

Before PHILLIPS, HILL and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

This is a tax refund claim made pursuant to 28 U.S.C. § 1346(a)(1). Taxpayer's claim was allowed by the trial court and the government filed this appeal. The issue presented in the appeal is whether the trial court erred in determining that 26 U.S.C. § 6532(b), having barred the government from proceeding against the taxpayer under 26 U.S.C. § 7405, prohibited the government from proceeding in any other manner to collect the tax deficiency?

The claimant, C & R Investments, Inc., is a successor corporation to Sherold Crystals, Inc. which was a wholly owned subsidiary of Standard Coil Products Co., a Chicago based corporation. We will hereinafter refer to claimant as taxpayer.

Sherold Crystals, Inc. filed an estimate of its 1953 taxes with the Wichita director. This estimate was accompanied by an $18,000 partial payment. Later a consolidated return was filed by the parent corporation in Chicago. Notice of the Wichita payment was given to the Chicago director and claim made for the deposit. The Wichita director erroneously failed to make a timely transfer and maintained the $18,000 in his suspense account.

Subsequently Mr. and Mrs. C. R. Rice purchased all the stock of the taxpayer corporation. C. R. Rice learned of the suspense account credit in an oral communication from the Wichita director. When he filed taxpayer's return for 1954 in Wichita he claimed and was allowed to credit the $18,000 against the tax re-

ported due for 1954. Some years later, but before the period of limitations for collection of delinquent taxes had expired, the duplicate $18,000 credit was discovered whereupon the Wichita office proceeded to collect the tax as a delinquent payment. Taxpayer paid the $18,000 plus interest and instigated this action for a refund. The trial court ordered the refund. More than two years had expired between the date of the 1954 credit to taxpayer's account and the discovery of the Wichita director's error. The trial court relied upon 26 U.S.C. § 6532(b) which in effect provides the government must proceed within two years to recover an erroneous refund.

The argument is made that the government is estopped from proceeding to collect the tax because of the limitations prescribed in 26 U.S.C. § 6532(b). "The doctrine of equitable estoppel is not a bar to the correction by the Commissioner of a mistake of law." [1]

The Ninth Circuit in considering the procedures relied upon by taxpayer and the government in this case, i. e. (1) recovery pursuant to 26 U.S.C. § 7405 and (2) recovery by deficiency collection, has said: "[T]he United States had the choice of two remedies, without let or hindrance from the taxpayer. It clearly had the right to exercise that choice." [2] The Fifth Circuit has also recognized the alternatives afforded the United States in tax proceedings.[3] The rationale of the foregoing cases indicate the government had an option between proceeding under 26 U.S.C. § 7405 or to proceed by deficiency collection under the various provisions set forth in 26 U.S.C. § 6151 et seq.

In this case it is evident that the government recognized that it was barred by the limitations contained in 26 U.S.C. § 6532 and therefore was re-

1. Automobile Club of Mich. v. Commissioner of Internal Revenue, 353 U.S. 180, 183, 77 S.Ct. 707, 709, 1 L.Ed.2d 746 (1957).

2. Rushlight Automatic Sprinkler Co. v. United States, 294 F.2d 572, 574 (9th Cir. 1961).

3. See, Merlin v. Sanders, 243 F.2d 821 (5th Cir. 1957).

quired to use the alternative deficiency collection procedure with a six-year period of limitation. The trial court did not make a determination relative to the propriety of the deficiency collection procedure in this specific factual setting. Therefore, we must remand the cause to the trial court to make such a determination.

If the trial court upon remand decides the procedural requirements were met so far as the deficiency collection procedure is concerned, it could then resolve the issue on its merits and determine whether or not the taxpayer was entitled to the $18,000 credit in 1954.

Because this issue was not considered below, the judgment is set aside, and this cause is remanded for disposition in accordance with this opinion.