C & R INVESTMENTS, INC. (formerly Sherold Crystals, Inc.), a Corporation, Plaintiff,

v.

The UNITED STATES of America, Defendant.

No. KC–2016.

United States District Court,
D. Kansas.

Dec. 10, 1969.

## MEMORANDUM AND ORDER

ARTHUR J. STANLEY, Jr., Chief Judge.

This is an action for refund of certain internal revenue taxes assessed against and paid by the plaintiff. The facts material to a decision are that Sherold Crystals, Inc., the plaintiff's predecessor corporation, filed an estimate of its 1953 taxes with the Wichita Director of Internal Revenue, accompanied by an $18,000 partial payment. Thereafter a consolidated return was filed by the parent corporation in Chicago, in which credit was taken for the $18,000 payment in issue. Later the plaintiff notified the Wichita director that a consolidated return would be filed by the plaintiff's parent corporation, and an individual return for the 1953 tax year was not therefore submitted by the plaintiff. Notice of the Wichita payment was given to the Chicago director and claim made for the deposit, but the Wichita director erroneously failed to make a timely transfer and maintained the $18,000 payment in his suspense account.

Subsequently, Mr. and Mrs. C. R. Rice purchased all of the stock of the taxpayer corporation. C. R. Rice learned of the suspense account credit in an oral communication from the Wichita director. When plaintiff filed its tax return for 1954 in Wichita, it claimed and was allowed to credit the $18,000 against the tax reported due for 1954. Some years later, but before the period of limitations for collection of delinquent taxes had expired, the duplicate $18,000 credit was discovered, whereupon the Wichita office proceeded to collect the tax as a delinquent payment. The taxpayer paid the $18,000 plus interest and instituted this action for a refund.

This court initially rendered judgment in favor of the taxpayer upon the theory that the government's deletion of the $18,000 in question from the plaintiff's 1954 tax return was in the nature of an action for the recovery of an erroneous refund governed by 26 U.S.C. § 7405,

Clarence H. Wood, of Rice & Baska, Kansas City, Kan., for plaintiff.

Benjamin E. Franklin, U. S. Atty., and Thomas E. Joyce, Asst. U. S. Atty., Kansas City, Kan., and Johnnie M. Walters, Asst. Atty. Gen., Harold S. Larson and Robert N. Dorosin, Attys., Department of Justice, Washington, D. C., for defendant.

which contains a two-year statute of limitations (26 U.S.C. § 6532(b)) The government appealed and the Court of Appeals set the judgment aside and remanded the cause for disposition in accordance with its opinion. United States v. C & R Investments, Inc., 404 F.2d 314 (10th Cir. 1968). The Court of Appeals referred to Rushlight Automatic Sprinkler Co. v. United States, 294 F.2d 572, 574 (9th Cir. 1961), and Merlin v. Sanders, 243 F.2d 821 (5th Cir.1957), as authority for the proposition that the government had the alternative of using the deficiency collection procedure under the various provisions set forth in 26 U.S.C. § 6151 et seq. This court was directed to "make a determination relative to the propriety of the deficiency collection procedure in this specific factual setting", and if it is determined that the procedural requirements were met, to resolve the case on the merits.

■ The filing of a consolidated return by the parent corporation is authorized by § 141 I.R.C. 1939 (as amended by § 159(a) Revenue Act of 1942). However, in this case, § 21.12(b), Treasury Regulations 129 (1939 Code), which requires that the taxpayer file the authorization and consent form, Form 1122, with the consolidated return, was not complied with. The plaintiff therefore argues that it had the right to direct that the $18,000 in the Wichita director's suspense account be applied to payment of its 1954 tax liability.

There is no dispute that an officer of the plaintiff's predecessor corporation notified the Wichita director that it would file a consolidated return and that no individual return would be filed by Sherold Crystals. It is also undisputed that credit for the $18,000 advance payment was taken on the consolidated return filed by the plaintiff's parent corporation. Further, the officers of the plaintiff corporation were also officers of the parent corporation, and the plaintiff was a wholly owned subsidiary of the parent corporation, Standard Coil.

In a factual situation closely analogous to this, the Tax Court held in Landy Towel and Linen Service, Inc. v. Commissioner of Internal Revenue, 38 T.C. 296 (1962), aff'd per curiam, 317 F.2d 362 (3rd Cir. 1963), that the failure of a subsidiary to file Form 1102 with a consolidated return did not void the return so as to give the subsidiary the right to determine its tax liability for the years in question on a separate return. The court commented:

"* * * (I)t seems obvious that the requirement that the subsidiaries file the authorization and consent forms is an administrative provision for the protection of the Commissioner, and that the failure of the subsidiary corporations to file those forms did not prevent petitioners in this case from making a valid election of the consolidated return privilege." (p. 301)

Furthermore, § 141 I.R.C. 1939 (as amended by § 159(a), Revenue Act of 1942) provides:

"* * * The making of consolidated returns shall be upon the condition that * * * all corporations which * * * have been members of the affiliated group * * * consent to all the consolidated return regulations * * *. *The making of a consolidated return shall be considered as such consent.*" (Emphasis added.) See 26 C.F.R. § 1.1501.

To reason from these citations, it appears that the plaintiff in this action did not have the power to direct that the $18,000 payment in issue be applied to his 1954 tax liability, as it was bound by the contents of the consolidated return.

■ This court must next consider the propriety of the director's action in deleting the $18,000 tax credit from the plaintiff's 1954 tax return and applying it to the 1953 tax liability in accordance with the consolidated return which had previously been filed. It is to be observed that the deletion and transfer of credit occurred within the six-year period of collection after assessment pro-

vided in 26 U.S.C. § 6502, for both the 1953 and the 1954 tax years. Had the deletion and transfer occurred after the six-year period for collection after assessment had expired, a different question would be presented. The director's action is supported by my earlier reasoning in respect to the binding effect of the filing of a consolidated return, and, in the opinion of this court, the procedure followed was reasonable under the circumstances. Since an $18,000 deficiency then existed in payment of the taxpayer's liability for the 1954 tax year, the director was authorized to proceed under § 6502, and related provisions, to collect the deficiency. The court observes that the taxpayer, under protest, paid the assessed deficiency for the 1954 tax year, and that this sum was collected well within the six-year period allowed for the collection of taxes after assessment under § 6502. The court also notes that Treasury Regulations on Procedure and Administration, § 301.-6402–1 (1954 Code) gives the director authority to make credits or refunds in certain circumstances. Although it may be argued that the action taken by the director in this case does not fall within the ambit of this provision, it does provide a further basis by analogy for the conclusion that the action of the director was reasonable under the circumstances. The reasoning of the court in Commissioner of Internal Rev. v. Newport Industries, 121 F.2d 655 (7th Cir. 1941), is, I believe, further authority for the power of a director to correct errors respecting a taxpayer's liability, despite the fact that that case was decided before the enactment of the 1954 Internal Revenue Code. The court commented in that case:

> "* * * Unquestionably the Commissioner has the power to correct his errors with respect to a taxpayer's liability.

> "As a matter of policy, the Commissioner should have an opportunity to correct his mistakes, especially when correction is essential to the protec-

tion of the revenues. * * *" (pp. 656–657)

I find and hold that there was no defect in the procedure followed by the director in the circumstances of this case and that the plaintiff was not entitled to the $18,000 credit in 1954.

It follows that judgment should be for the defendant.

It is so ordered.