**UNITED STATES of America, Plaintiff,**

v.

**Robert E. McLEAN and Paulette A. McLean, Defendants.**

No. 4:04–CV–427.

United States District Court, E.D. Texas, Sherman Division.

Jan. 12, 2006.

Ralph F. Shilling, Jr., Esq., Trial Attorney, Tax Division, Texas Bar No. 18265030, U.S. Department of Justice, Dallas, TX, for United States.

G. Tomas Rhodus, Esq., Dallas, TX, for Defendants.

### MEMORANDUM OPINION & ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT & GRANTING PLAINTIFF'S CROSS–MOTION FOR SUMMARY JUDGMENT

SCHELL, District Judge.

Before the court are Defendants' Motion for Summary Judgment, filed July 28, 2005, *Dkt. # 11;* Defendants' Motion to Strike Affidavits of Lillie Parker, filed August 15, 2005, *Dkt. # 18;* and Plaintiff's Cross–Motion for Summary Judgment, filed August 1, 2005. *Dkt. # 14.* For the reasons stated in this opinion, Defendants' Motion for Summary Judgment is DENIED, Defendants' Motion to Strike Affidavits of Lillie Parker is DENIED, and Plaintiff's Cross–Motion for Summary Judgment is GRANTED.

## BACKGROUND

This is one in a series of cases that the United States initiated to recover erroneous tax refunds that it paid to participants of an illegal tax shelter which was developed by Daniel A. Fisher and enjoined from operation on January 26, 2004 by the United States District Court for the Northern District of Texas. *See* Pl.'s Ex. 7. For his role in the scheme, Fisher was convicted of, *inter alia,* 34 counts of aiding and assisting in the preparation of false and fraudulent tax returns, sentenced to nearly twenty years imprisonment and ordered to pay a $1,000,000 fine.

Despite the fact that Fisher claimed to be an expert in tax law and structuring, Pl.'s Ex. 7 at ¶ 2, the illegal tax scheme which he developed and sold to hundreds of clients is relatively straightforward. It was promoted primarily to wealthy married couples. *Id.* at ¶ 4. It involved establishing a sham partnership for the couple, which is made retroactive to prior years, to which the couple would assign their individual assets, income and expenses. *Id.* Fisher would then prepare partnership tax returns which claimed that the couple's non-deductible personal expenses were deductible business expenses of the partnership. *Id.* As a final step, Fisher would prepare amended individual tax returns for the couple which claimed that the couple's original tax returns overestimated their income in previous years by failing to account for the effect of the sham partnership. *Id.* In all, it is estimated that Fisher's clients collectively obtained over $5,000,000 in erroneous income tax refunds by using this scheme.

At issue in this case is Robert and Paulette McLean's use of Fisher's scheme to induce $23,844 in erroneous tax refunds. Shortly after meeting Fisher in 2001, the McLeans, with Fisher's help, established Expotech Enterprises, a partnership in which Robert, Paulette and their daughter, Amber, were the sole partners. Fisher's company, The Structured Advantage, Inc. ("TSA"), then prepared partnership tax returns for Expotech for the years 1998 and 1999 which claimed that Expotech had been in existence since 1997 and showed losses of $72,956 and $65,319, respectively. Pl.'s Exs. 5 & 6. These losses, which resulted in part from deductions which Expotech took for the McLeans' personal expenses, were then accounted for on amended tax returns which TSA prepared for the McLeans for the years 1998 and 1999. Pl.'s Exs. 3 & 4. Because the passed-on losses decreased the McLeans' taxable income for those years by $64,856 and $55,385, respectively, the McLeans sought and were paid refunds in September 2001 for virtually all of the income taxes they paid in those years. The United States thereafter filed the present suit on December 6, 2004 to recover the amounts refunded. *See* Pl.'s Compl. at 1.

Because the United States filed the present suit more than two years after the McLeans' refunds were paid however, the McLeans now move the court for summary judgment claiming that the United States' suit against them is barred by the two-year statute of limitations contained in section 6532(b) of the Internal Revenue Code, 26 U.S.C. § 6532(b). Under § 6532(b), the United States is barred from filing a suit to recover erroneous tax refunds more than two years after the refunds were paid unless the any part of the refunds were induced by fraud or a misrepresentation of material fact, in which case the United States may file a suit to recover the refunds any time within five years after they were paid. 26 U.S.C. § 6532(b). In its response and cross-motion for summary judgment, the United States asserts alternatively that its suit against the McLeans is not barred by § 6532(b) because the

disputed refunds were induced by misrepresentations of material fact and because the suit was filed within five years after the refunds were paid. For the reasons provided below, the court agrees with the United States.

## STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). This rule, according to the Supreme Court, "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

It is well-settled that the summary judgment procedure may be used to effectively adjudicate affirmative defenses. JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 56 (3d ed.1999). Where a party moves for summary judgment based on an affirmative defense however, the judgment will only be granted if the party asserting the defense adduces evidence to support each element of the defense and demonstrates the lack of any genuine issue of material fact with regard thereto. *See Rushing v. Kansas City S. Ry. Co.,* 185 F.3d 496, 505 (5th Cir.1999). This is so even if certain elements of an affirmative defense can be characterized as elements of the underlying *prima facie* case. *See Schaffer ex rel. v. Weast,* —— U.S. ——, ——, 126 S.Ct. 528, 534, 163 L.Ed.2d 387 (2005). In such a situation, the burden of persuasion with regard to the affected elements is shifted to the defendant who must prove "beyond peradventure" all of the essential elements of the defense to prevail on its motion for summary judgment. *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir.1986).

## DISCUSSION

Since § 6532(b) took its present form in 1934, only a handful of cases have addressed the question of what constitutes a misrepresentation of material fact thereunder. The first to do so was *Merlin v. Sanders,* 144 F.Supp. 541 (N.D.Ga.1956), *aff'd* 243 F.2d 821 (5th Cir.1957). The question before the district court in *Merlin* was whether the plaintiff had misrepresented a material fact in her 1949 federal income tax return by claiming a tax credit of $1,752.70 when $487.08 of that amount had previously been refunded to her. 144 F.Supp. at 542. After noting that a misrepresentation under § 6532(b) does not require wilfulness on the part of the taxpayer, the district court held that the plaintiff's false representation did indeed constitute a misrepresentation of material fact and stated that "the Government under these facts should not be penalized for failure to discover the misrepresentation and sue within [§ 6532(b)'s] two-year period." 144 F.Supp. at 543. The district court's judgment was subsequently affirmed by the Fifth Circuit which characterized the plaintiff's claim for a refund which she had received previously as a "patent misrepresentation of a material fact." 243 F.2d at 824.

In the period following *Merlin,* only two appellate court opinions have discussed the meaning of misrepresentation in the context of § 6532(b) and the discussion in both opinions focused predominantly on

the level of culpability that a taxpayer must exhibit to commit an actionable misrepresentation. In *Lane v. United States,* 286 F.3d 723, 732 (4th Cir.2002), the Fourth Circuit stated that "the statutory term 'misrepresentation' in § 6532(b) lies somewhere in between the words 'misstatement' and 'fraud' on a scale of increasing culpability." The Court then went on to hold that "the United States need not demonstrate more than gross negligence in order to avail itself of § 6532(b)'s five-year limitations period." *Id.; accord Black Prince Distillery, Inc. v. United States,* 586 F.Supp. 1169, 1174 (D.N.J.1984) ("[I]t is conceivable that an action by the IRS to recover an erroneous refund induced by a grossly negligent misrepresentation of a material fact will be barred if not brought within the five year limit of section 6532(b)."). Alternatively, in *United States v. Northern Trust Company,* 372 F.3d 886, 889–90 (7th Cir.2004), the Seventh Circuit stated that "[o]ne way to understand § 6532(b) as a whole might be that, when the return discloses enough that all the IRS has to do is check the calculations and apply the law, then the period of limitations is two years; but if the IRS must independently discover facts that contradict the return, then it has an extra three years to do the legwork."

In light of these precedents, the court finds that the undisputed summary judgment evidence in this case is sufficient to conclusively establish that Robert and Paulette McLean induced at least part of the refunds at issue by making misrepresentations of material fact. Specifically, beyond the fact that the McLeans failed to carry their burden under Rule 56 of adducing evidence to contradict the United States' assertion that Expotech Enterprises was a sham entity established in 2001 to conceal the McLeans' income and assets in 1998 and 1999, there is undisputed evidence in the record that the McLeans blatantly misrepresented financial transactions which induced the IRS to issue the disputed refunds. This misrepresentation concerns the McLeans' representation that they rented their house to Expotech in 1998 and 1999 for $21,500 and $22,000, respectively. This representation, according to Paulette McLean's deposition testimony, was false. To wit, in response to the United States' attorney's question regarding these rental payments, Paulette testified that they never received any rents from Expotech. Pl.'s Ex. 9 at 30. In light of this admitted misrepresentation of material fact, the United States is allowed to bring this suit at any time within five years from the making of the refunds as provided in 26 U.S.C. § 6532(b). Therefore, the court finds that there is no genuine issue of material and that the United States has conclusively demonstrated that this action was timely filed.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment is DENIED and Plaintiff's Cross–Motion for Summary Judgment is GRANTED on Defendants' affirmative defense based on the statute of limitations contained in 26 U.S.C. § 6532(b). Moreover, because the court's decision does not turn on the information contained in the affidavit of Lillie Parker, the motion to strike her affidavit, *Dkt. # 18,* is DENIED.

In order to schedule this case for final resolution, counsel for both sides are directed to confer in an effort to agree upon a scheduling order which will lead to a prompt trial or other resolution of this case. Counsel shall submit their proposed scheduling order to the court on or before January 25, 2006.